## LEWINTHAN v. TRAVELERS' INS. CO. OF HARTFORD, CONN.

(Supreme Court, Appellate Term.  January 7, 1909.)

INSURANCE (§ 514*) — INDEMNITY INSURANCE—ACTIONS ON POLICIES—EVIDENCE —SUFFICIENCY.

In an action on an indemnity policy, where defendant admitted that it had agreed to indemnify plaintiff against the liability imposed by law for damages for certain injuries to third persons and also that a third person had recovered a judgment against plaintiff for such an injury, but did not introduce the policy alleged to limit the liability to loss actually sustained and paid in money in satisfaction of a judgment after trial, and plaintiff established the recovery of the judgment, plaintiff was entitled to recover, regardless of whether he had paid the judgment, since it was in any case a liability imposed by law, and defendant could not avail itself of the alleged limitation in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298; Dec. Dig. § 514.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Lewinthan against the Travelers' Insurance Company of Hartford, Conn. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank V. Johnson (William L. Kiefer, of counsel), for appellant.
Henry Lieb, for respondent.

MacLEAN, J.  The defendant in its answer admits:

"It made and delivered to one Louis Lewinthan a policy of insurance in writing, duly executed, whereby the defendant did agree to indemnify the said Lewinthan against loss by reason of the liability imposed by law for damages for bodily injuries accidentally suffered while said policy was in force by any person or persons by means of certain team or teams, for which a charge was included in the said premium and the use thereof as set forth in said policy, while in charge of said Lewinthan, his drivers, or other per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sons specifically designated, within the period of one year, at the legal residence of the insured."

The defendant also admits the recovery by a third person of a judgment against the plaintiff in an action brought to recover damages for personal injuries alleged to have been sustained through a team owned and controlled by said Lewinthan. Proof of liability imposed by law was established by the plaintiff, and so his right to recover herein, notwithstanding he alleged that he paid the judgment and that the defendant denied it. It matters not that that judgment was paid by a daughter-in-law of the plaintiff, as the plaintiff's right to recover depends upon proof of a liability imposed by law, and not upon proof of "loss actually sustained and paid in money by him in satisfaction of a judgment after trial," as recited in the brief of the defendant appellant as contained in the policy of insurance, because the policy of insurance was not introduced in evidence and this court may not determine that the policy contained any such provision or contingent liability. Under the circumstances, the pleadings, and the evidence, the direction of a verdict in favor of the plaintiff was proper, and the judgment entered thereon should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. I concur on the ground that, the policy not having been offered in evidence, the defendant is in no position to object that a clause alleged to be contained in it was not complied with by the plaintiff. On the pleadings and testimony presented, I think that the direction of the verdict in favor of the plaintiff was proper.

The judgment appealed from should be affirmed, with costs.