SOUTHWESTERN SURETY INS. CO. v. THOMPSON et al. (No. 824.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915. On Motion for Rehearing, Dec. 18, 1915.)

1. INSURANCE ☞388 — INDUSTRIAL INSURANCE—ESTOPPEL.

Where a policy, insuring a master on account of injuries received by employés, provided that if an employé sue on account of an accident, the master should notify the insurer, which would settle or defend the suit, whether groundless or meritorious; that the moneys expended in the defense should not be included within the liability fixed in the policy; that the insured should not incur any expenses for legal proceedings; and that no action would lie under the policy, unless it should be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, the insurer, where it absolutely refused to conduct the defense, claiming that it was not liable for the particular accident, is, the premiums having been paid, estopped to deny liability for the necessary legal expenses and set up the provision that no suit should be maintained except for loss or expense actually sustained and paid in satisfaction of the final judgment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. ☞388.]

2. INSURANCE ☞512 — INDUSTRIAL INSURANCE—ACTIONS.

Where a policy was conditioned to indemnify a master against loss and expense arising from claims on account of bodily injuries accidentally suffered by employés, and provided that the insurer would, at its expense, settle or contest the claim, and that sums expended in defense should not be included within the indemnity fixed in the policy, the master, the insurer having denied all liability and expenses for conducting a defense having been contracted, may, by cross-action in the employé's suit in which the insurer was joined, recover the amount of such expenses together with a conditional recovery of the amount of the indemnity in case the servant should obtain judgment.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ☞512.]

3. PLEADING ☞406—MISJOINDER—WAIVER.

In a servant's action for injuries against a master and an industrial insurer, the insurer may waive the misjoinder of an action over against it on the policy by the master.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. ☞406.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error pending in Supreme Court.

**4. INSURANCE ☞145 — INDUSTRIAL INSURANCE—EXTENSION OF POLICY—CONDITIONS.**

Where a contractor orally arranged that an industrial policy should be extended on payment of premiums, he is not bound by a limitation of liability in the new policy which was not delivered, and which the agent merely told him was more extensive.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 276–291; Dec. Dig. ☞145.]

**5. TRIAL ☞252 — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.**

In an action on an industrial policy which had been verbally renewed and which covered the accident, an instruction that the minds of the parties must have met, and intended that the accident should have been included, is inapplicable to the facts, the company claiming that a subsequent policy, which was not delivered and did not cover the accident, was the one in force.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☞252.]

**6. APPEAL AND ERROR ☞742—ASSIGNMENTS—PROPOSITIONS.**

A proposition that a tort cannot be joined with a contract is not germane to an assignment that suit was premature.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

On Motion for Rehearing.

**7. APPEAL AND ERROR ☞750—ASSIGNMENTS—SUFFICIENCY.**

Where, in a servant's action against the master and an industrial insurer, the master sought recovery over against the insurer, an assignment, complaining that under the contract of insurance there could be no liability until the master had suffered loss by reason of paying judgment, is insufficient to raise the question of misjoinder of actions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. ☞750.]

Appeal from District Court, Potter County; Jas. N. Browning, Judge.

Action by J. C. Thompson against the Southwestern Surety Insurance Company and W. M. Rice. From a judgment for plaintiff and a judgment over in favor of defendant Rice, who counterclaimed, the first-named defendant appeals. Reformed and affirmed.

Lumpkin & Harrington, of Amarillo, and J. T. Suggs, of Denison, for appellant. Madden, Trulove, Ryburn & Pipkin, Synnott & Underwood, and R. E. Underwood, all of Amarillo, for appellees.

HENDRICKS, J. J. C. Thompson sued W. M. Rice on account of certain personal injuries received as the servant of said Rice, and also joined in said suit the appellant, the Southwestern Surety Insurance Company, on account of an employer's liability insurance policy, executed by said insurance company in favor of Rice. The appellee, Rice, Thompson's employer, filed a cross-action against said insurance company, setting up a certain policy of employer's liability insurance, covering a period from January 1, 1913, to January 1, 1914, and alleging an oral contract with the agent of said insurance company for a renewal of said policy upon the same terms and conditions, except an increase of the premium for the succeeding year. The injury to Thompson occurred in 1914, and the insurance company, after a plea in abatement, alleged the issuance and delivery of another policy for the year 1914, covering the period of the time of the accident, and which by its terms specially excepted buildings, containing construction of reinforced concrete, which was the character of the building under construction by Rice at the time the plaintiff Thompson, his employé, was injured. Thompson recovered a verdict of $7,500 against Rice on his cause of action for personal injuries; and the jury returned an unconditional verdict against the insurance company in the sum of $5,500, $500 of which is presumably the reasonable attorney's fees proven upon the trial of the case, the balance representing the maximum sum designated in the policy.

Upon the original hearing of this cause in this court, the judgment of the lower court, in favor of Rice, was reversed and remanded on the theory of misjoinder of causes of action and of parties. The appellee Rice seriously questions the judgment of this court upon the contention that the assignments, nor the plea upon which the same were based, though followed by propositions, did not strictly raise the question of misjoinder, and this position is correct, and this court committed error upon that point. It is only upon the proposition that the question discussed in the original opinion was really not properly raised that this rehearing is granted, and not that the position formerly assumed is incorrect if the assignment and the plea had been sufficiently broad to cover the question. A subsequent investigation and analysis actuates this statement, though of course the question is not decided. On account of the absence of submission, and the lack of a verdict against the insurance company in favor of Thompson, the plaintiff, we shall treat all assignments, and the alleged errors raised by the same, addressed to that part of the litigation between plaintiff and the insurance company, as immaterial and harmless.

[1] The fourth assignment of error, complaining of the action of the court in overruling appellant's plea in abatement to the cross-action of Rice, states that the contract of insurance pleaded by Rice expired according to its own terms prior to the day of the injury to the plaintiff, and that in said cross-action it is admitted that Rice held a policy issued by this defendant for the year 1914, which precluded liability for injuries to Rice's employés upon buildings whose walls were to be constructed of reinforced concrete, and that the suit should be further abated because the same, as shown by his cross-action, was prematurely brought. For apparent reasons, the latter question, that the suit was

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prematurely brought by Rice against the insurance company, will only be discussed. The insurance policy covering the period from January 1, 1913, to January 1, 1914, provides that the insurance company—

"hereby insures W. M. Rice * * * against loss and expense arising from claims upon the assured for damages on account of bodily injuries accidentally suffered, or alleged to have been suffered, during the period of this policy, by any employés of the assured, by reason of the prosecution of the work described herein."

The substance of other provisions is that when an accident occurs, the assured shall notify the company by written notice, and if a claim is made the assured. shall also notify the company and the latter, "at its own expense, will settle or contest the same." If an employé sues the employer on account of an accident, the assured shall forward to the company every process served upon him; and it is again provided that the latter, at its own expense, will settle or defend said suit whether groundless or meritorious, and that the moneys expended in the defense shall not be included within the liability fixed in the policy:

"The assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceedings, nor incur any expense nor settle any claim except at his own cost, without the written consent of the company."

Paragraph L provides:

"No action shall lie against the company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment after the trial of the issue."

A "rider" was indorsed upon this 1913 policy eliminating the foregoing paragraph L. The policy claimed by the company to have been issued for the year 1914 contained the same paragraph L, without eliminating the rider, and also excepted work of a reinforced concrete nature, with increased premiums in consideration of the policy.

W. M. Rice, after pleading in general terms the policy of 1913, in his cross-action also alleged the oral renewal thereof with the company's authorized agent, the payment of the premium, the accident to Thompson, the notice to the insurance company of Thompson's claim, as well as the forwarding of process in said suit; also the request of the company to defend the suit, averring the latter's denial of liability and the refusal to assume the burden of the litigation; and, in anticipation of the company's reliance upon the policy of 1914 (which excepted reinforced concrete construction), he averred the nondelivery of said policy to him, and a lack of knowledge of any of its terms different from the policy of 1913, except that of an increased premium, and that he had no knowledge of any exception, but continued to pay premiums, during the year 1914, based upon certain classifications, and relied upon a renewal of the policy of 1913, which included the character of construction in the Corsicana Orphans' Home, upon which Thompson was injured.

He also alleged that the company knew that his contract with the state of Texas called for a reinforced concrete building, having executed his bond to the state as surety, and it knew that the graduated premiums paid by him in 1914 on his policy were on account of the construction of said building, and, that if such policy of 1914 was delivered, excepting reinforced concrete work, he was entitled to pay a corresponding increased premium rate and be protected accordingly. He then alleged:

"(32) This defendant shows to the court that said policy so issued to this defendant by his codefendant provides that: 'No action shall lie against the company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment, and after trial of the issue.' But this defendant further shows to the court that said policy also provides that upon the occurrence of an accident this defendant shall give said company notice, and that said company at its own expense will make such investigation as it may deem necessary, and, further, that 'if a claim is made on account of an accident, the assured at its own expense will settle or contest the same,' and, further, that: 'If a suit is brought on account of an accident the assured shall forward immediately to the company, or to its duly authorized agent, every process, and paper served on him. The company at its own expense will settle or defend said suit, whether groundless or not; the money expended in said defenses shall not be included in the limits of the liability fixed under this policy.'"

He then again averred, as upon the policy of 1913, his complete compliance with the terms of said policy and the repudiation by the company.

The court submitted to the jury that if the policy of 1914 was delivered to Rice, to find unconditionally for the insurance company, and on account of the jury's general verdict in favor of Rice, it evidently found nondelivery.

Bearing in mind that clause L in the policy of 1913, requiring that no action shall lie for loss or expense unless it shall be brought for loss and expense actually sustained and paid in satisfaction of a final judgment, was eliminated by the rider, appellant, however, contends, at least under the general demurrer to Rice's pleadings, attempting to raise the same question of prematureness of the suit, that the assertion of clause L by him refers to said policy of 1913, and that said pleadings do not further show that he had incurred any loss or expense by reason of the injury to Thompson, or that he had paid in satisfaction of said injuries a final judgment in favor of Thompson. The copy of the policy for 1913, attached to the pleadings as an exhibit, showed the elimination of clause L (as well as the copy introduced in evidence), and we are constrained to view the latter part of his pleadings as an alternative plea, addressed solely to the policy of 1914, that even if it had been delivered, on account of the alleged estoppel, he was entitled to pay an increased premium, and on account of the denial of lia-

bility and repudiation by the company, clause L was waived. The collocation of the paragraph suggests that meaning; but if (as we think by a strained construction) the pleading of Rice of clause L would be referred to the policy of 1913, and was an admission by which he would be bound that such a clause in a contractual sense was contained therein, the Supreme Court of the United States, in the case of St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 716, said that the denial of liability and the refusal of the court to assume the burdens it had contracted to assume—

"cut at the very root of the mutual obligation, and put an end to its right to demand further compliance with the supposed term of the contract on the other side. * * * The defendant, by its abdication, put the plaintiff in its place, with all its rights. To limit its liability as if its only promise was to pay a loss paid upon a judgment is to neglect the meaning and purpose of the reference to a judgment, and even the words of the promise. The promise in form is to indemnify against loss by certain kinds of liability. The judgment contemplated in the condition [clause L in this policy] is a judgment in a suit defended by the defendant in case it elects not to settle. The substance of the promise is to pay a loss which the plaintiff shall have been compelled to pay, after such precautions and with such safeguards as the defendant [insurance company] may insist upon. It saw fit to insist upon none."

One of the certified questions of the circuit court was answered affirmatively by the Supreme Court that the right of the assurer to insist upon such a condition, respecting satisfaction of a judgment after trial, depended upon the company's defense of the action assumed by it according to the provisions of the policy.

It is true that this case, in its logic, may be in conflict with the case of Texas Short Line Ry. Co. v. Waymire, 89 S. W. 453, decided by the San Antonio court, but that case never reached the Supreme Court of this state.

[2, 3] The question, however, remains, considering clause L eliminated from the policy of 1913 (which clause we do not think was admitted as subsisting), is that policy one of indemnity against loss, requiring a loss to be exhibited before the action could be maintained? Or is it an indemnity against liability, in whole or in part, to the extent that Rice's cross-action was not premature, and that he could declare upon the policy and its breach, without showing a payment of any damage or expense?

"The difference between a contract of indemnity against loss and one to pay legal liabilities is that upon the former an action cannot be brought and a recovery had until the liability is actually discharged, whereas upon the latter, the cause of action is complete when the liability attaches, though the amount of indemnity is not fixed until judgment rendered."

Fuller's Accident & Employers' Liability Insurance, p. 452, which language as to the difference in legal effect is taken from the case of American Employers' Liability Insur-

ance Co. v. Fordyce, 62 Ark. 563, 36 S. W. 1051, 54 Am. St. Rep. 305, and which we find has been frequently commended and adopted.

The company, by the policy of 1913, in consideration of the premium—

"insures W. M. Rice * * * against loss and expense arising from claims upon the assured for damages on account of bodily injuries accidentally suffered, or alleged to have been suffered, during the period of this policy by any employé of the assured, by reason of the prosecution of the work described herein."

Rice is insisting that, even with or without clause L, in regard to the payment of the judgment representing a loss, a court of equity would treat the insurer as the principal debtor of an injured employé, and the assured as the surety though, as we infer, it may be in terms a contract of indemnity against loss, and not one against liability, and quotes 15 Cyc. at p. 1038, which cites the cases of Beacon Lamp Co. v. Travelers' Insurance Co., 61 N. J. Eq. 59, 47 Atl. 579, decided by the Chancery Court of New Jersey, and which case was affirmed by the Court of Errors and Appeals of New Jersey under the style of Travelers' Insurance Co. v. Moses et al., 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663. The annotator in Cyc. evidently overlooked the holding of the higher New Jersey court, which squarely overruled the chancellor's opinion on the particular point, on the theory that equity could not enlarge or change the obligation of a contract.

The case of Atlas Hardware Co. v. Georgia Insurance Co., 129 Tenn. 477, 167 S. W. 109, by the Supreme Court of Tennessee, with reference to the insurance against loss, is substantially in terms the same as the policy here, but the contractual feature to pay expenses in the same clause "was to defend the assured and pay expenses and costs"; while here the assurer insures against expenses arising from claims upon the insured for damages. The court held, even eliminating the clause equivalent to clause L in this policy, "that by the terms of this policy the insurance company agrees to indemnify the assured against loss on account of the accident covered thereby, and does not agree to indemnify the insured against liability from loss on account of such accidents," and that because neither the judgment nor the attorney's fees had been paid, there could be no recovery. We are not making any distinction between a contract insuring against expenses and one agreeing to pay expenses, but are not inclined to follow wholly the logic of that opinion. Why, as a general proposition, if one party insures or indemnifies another against expenses, and the contract is broken and reasonable expenses are contracted to be paid by the indemnitee, made necessary by a breach of the contract, the same could not be recovered is not apparent. In torts reasonable expenses are recoverable consequent upon a breach of duty, though not paid by the injured party, if such expenses are legally resultant from the breach.

The Supreme Court of Maine, in the case of Ripley v. Mosely, 57 Me. 76, said:

"The language of the bond is general and comprehensive, and the plaintiff is entitled to recover all damages which he can legally be deemed to have suffered by reason of the suit, together with the expenses incurred in defending it so far as they are found 'fair and reasonable,' these last being expressly provided for. We think that under the latter clause in the condition, the debt contracted by the plaintiff to counsel for services in defending the suit against him, though not yet paid, is a proper subject for allowance in making up the damages. * * * The defendants do not appear to have employed any counsel to defend the suit; and they bound themselves to pay 'all just and reasonable charges for the expenses in defending.'" Sutherland on Damages, vol. 3 (3d Ed.) marginal p. 607, top p. 2332, § 762, footnote.

The contract to pay reasonable charges would be no more than the law would imply.

The case here is one where Rice is doing what the insurance company contracted to do. The company agreed to pay the expenses of the litigation, and Rice's liability to pay a reasonable attorney's fees is necessarily a result of the breach, and the indemnity assuring Rice against expenses, as to that feature, is clearly a contract against liability, and not one against loss. The indemnity to pay the loss arising from claims suffered, or alleged to have been suffered, while different in its liability feature to pay the expenses, however, both indemnities arise out of the same contract.

Appellant insurance company has waived any insistence of misjoinder of causes predicated upon any right that it might assert that its contest over the policies, and issues arising therefrom, should not be confounded with and prejudiced by the personal injury litigation between Thompson and Rice; there being no privity between Thompson and it. Such an insistence of course can be waived.

The insurance company is not preliminarily complaining that it could be, or was, injured, by the joinder of the different suits, involving different issues—simply that its obligation had not matured. If a judgment is framed which does not mature the obligation, except in accordance with the very conditions insisted upon by appellant insurance company, what sensible reason could be adduced that should prevent Rice from litigating the whole contentions between them in one suit? A part of his litigation is that the claim of the insurance company that a policy for 1914 was delivered is not true, but that the company agreed to renew the policy of 1913 for that same year, which did cover the risk, though the other in terms may have excepted it. To compel him to litigate these matters in a separate suit, when the company does not object to the joinder with Thompson's litigation, is to violate the ordinary rule of multiplicity, always bearing in mind the difference between this question and the one of misjoinder of causes.

We can see no legal objections, in this condition of the case, to a maintenance of the suit for attorney's fees, blended with the issues as indicated, with an additional judgment for a conditional recovery in favor of Rice against the insurance company, though we think the unconditional judgment of $5,000 by Rice against the company is fundamentally wrong, the pleadings do not support any such judgment, considering the basis of the action, based upon the policy of 1913, and said judgment, decreeing the maturity of the obligation, to that extent is premature. It will be reformed by a judgment in this court, decreeing a conditional recovery against the company in the event of a satisfaction in part, or in the whole amount of $5,000, the maximum recoverable under the policy, however, permitting an unconditional judgment for $500 upon this record, evidently representing attorney's fees.

[4] When the contract was made a premium was paid, as well as successive premiums by Rice, on the presumption that the building in course of construction was covered by the risks in the policy. There is no proof whatever that the policy for 1914 was ever delivered by the insurance company or accepted by Rice. At some time before the attempted delivery of the policy, at a time when Rice was in a hurry to catch a train, Lefforge testified that he told Rice he had made "a little indorsement, extending the coverage on his policy." He further said:

"I did not explain to him any further; he was leaving with some one. By coverage I mean the character of work a man carries on that would be included in the protection covered by the policy."

How, in view of this statement, "the evidence shows that a policy different from the former policy," except an enlargement in his favor, could be insisted upon is not apparent; however, the agent did not offer to deliver the policy, nor did Rice offer to accept it.

[5] We also think the requested charge presented under the seventh assignment of error, to the effect that the insurance company and Rice should have intended and understood that the policy contracted for covered the risk incident to the construction of the particular building on which plaintiff received his injuries, is wholly inappropriate to the facts here. The minds of Rice and the agent fully met upon an adequate consideration for the renewal of the policy for 1913.

[6] Under the fourth assignment, discussed by us as raising the question of the prematureness of the suit, there is a proposition that a tort cannot be joined with a contract. This proposition is clearly not germane to the assignment; neither was this question as to Rice raised in any other manner before the trial judge.

There is a general demurrer to the cross-action of Rice, overruled by the trial court, under which the first proposition raises the same question as the plea in abatement; and the second proposition thereunder is a general demurrer of itself, with the third proposition, stating that allegations are insufficient, based upon an alleged contract to

be executed in the future, which do not show that the proposed contract was executed and delivered, which latter is not appropriate to this record as pleaded and proven.

We have carefully examined all of the assignments, and conclude that no reviewable error is presented, and all are overruled. The original opinion in this case is withdrawn, and the judgment of the trial court is reformed and ordered affirmed, as indicated.

### On Motion for Rehearing.

[7] Appellant asserts that the following subdivision of the fourth assignment raised the question of misjoinder of causes of action and parties:

"Under the contract of insurance as pleaded by appellee Rice in his cross-action against appellant, there could be no liability until appellee Rice suffered loss by reason of paying a judgment for injuries suffered to an employé."

We do not construe that this could raise the question, though the proposition under it attempts to do so, that Rice's cause of action against the insurance company is improperly joined, or brought into the same suit of Thompson against Rice. It can mean nothing more than that Rice's suit against the company was prematurely brought because the obligation had not matured, in that no loss was shown.

Motion for rehearing overruled.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes