OWENS v. JACKSON–HINTON GIN CO., et al. (No. 8260.)

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1920.)

1. ACTION ⬤�ネ47—JOINDER OF TORT-FEASOR AND INDEMNITOR IMPROPER.

A servant's petition which sets up two causes of action, one in tort against the master for injuries from negligence, and the other against an insurer on a contract indemnifying the master from liability on account of bodily injuries, is bad for misjoinder of parties and causes of action.

2. INSURANCE ⬤⟻591½—SERVANT NOT IN PRIVITY WITH MASTER AND HIS INSURER IN A CONTRACT INDEMNIFYING AGAINST PERSONAL INJURY LIABILITY.

Where the insurance policy taken out by the master is not one providing specially for the benefit of injured employés, but is merely one indemnifying against liability, the employé is not in privity with the parties thereto, and is without right to sue thereon.

3. INSURANCE ⬤⟻514—PAYMENT OF JUDGMENT FOR SERVANT'S INJURIES CONDITION PRECEDENT TO RIGHT TO RECOVER ON INDEMNITY POLICY.

Where the contract between the master and insurer is one of indemnity against actual loss from personal injury to servants, there can be no liability of insurer until the master has suffered loss by payment of judgment for such injuries.

4. PARTIES ⬤⟻25—INDEMNIFYING INSURER PROCURING RELEASE NOT SHOWN TO HAVE INTEREST WARRANTING JOINDER WITH INSURED MASTER SUED FOR INJURIES.

That a master's indemnity insurer securing a release of the master's liability to a servant for injuries might be injured by the cancellation of the release in the servant's suit against the master for damages does not show

a responsible interest so as to warrant making the insurer a party.

5. PARTIES ⬤⟻25—INSOLVENCY OF INSURED MASTER DOES NOT WARRANT MAKING INDEMNIFYING INSURER A PARTY.

In a servant's personal injury action, allegations that the master is insolvent, and that the law affords plaintiff no remedy by garnishment or otherwise, do not authorize the making of the master's indemnity insurer a party.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by H. F. Owens against the Jackson-Hinton Gin Company and others. Pleas of misjoinder by defendants were sustained, and suit dismissed. Plaintiff's motion for new trial overruled, and plaintiff brings error. Judgment affirmed.

Lee R. Stroud, of Kaufman, for plaintiff in error.

Smith, Robertson & Robertson, of Dallas, for defendants in error.

TALBOT, J. This suit was instituted by H. F. Owens, plaintiff, against Grover C. Jackson and Albert Hinton, composing the partnership firm of Jackson-Hinton Gin Company, L. A. Jackson, and Maryland Casualty Company, defendants, to recover of and from Grover C. Jackson, Albert Hinton, and L. A. Jackson damages for personal injuries alleged to have been sustained by him while employed in a gin operated by Jackson-Hinton Gin Company. Plaintiff also sought to cancel a release executed by him of all claims, demands, and causes of action which he had on account of such accident and injuries. He alleged that Maryland Casualty Company had issued to the defendant L. A. Jackson, "in his behalf, and, as plaintiff alleges and believes, in behalf of the other defendants," Grover C. Jackson, and Albert Hinton, a certain policy of liability insurance, the policy being attached to and made a part of plaintiff's petition; that the release executed by him was obtained by the Maryland Casualty Company, and that, although such release was in the name of L. A. Jackson, the release is in fact owned by and is the property of Maryland Casualty Company; that the Maryland Casualty Company was therefore a necessary party to the suit to cancel such release to avoid a multiplicity of suits. Plaintiff further alleged:

That the defendants Grover C. Jackson, Albert Hinton, and L. A. Jackson are insolvent; that a judgment against them would be worthless; "that garnishment proceedings cannot be had herein as a legal remedy because the obligation of the Maryland Casualty Company unto the defendants is a conditional obligation, and being conditional, as shown by the policy, garnishment will not lie for that reason; that garnishment would not lie for the further rea-

---

⬤⟻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(217 S.W.)

son that the amount sought to be recovered consists of uncertain damages, and that, defendants having no property from which plaintiff can collect any judgment recovered, and being in such condition as to render a recovery of little or no value, the plaintiff will lose his debt unless protected by the equitable powers of the court, having all parties before it, so that Maryland Casualty Company may be adjudged to make the payment on the policy, as it is obligated by said policy to do, to the plaintiff instead of to defendants, and, said casualty company being already necessarily before this court and a proper or necessary party to cancel said release bought and obtained and owned by it, plaintiff is entitled to have the whole matter adjusted and for a judgment that the amount of the policy be paid to plaintiff (in event of the recovery of damages) instead of paying same to the defendants; that the conditions necessary to the collection of the policy therein named and here referred to as a part hereof have all been performed and have not been insisted on, but have been waived by said Maryland Casualty Company."

Plaintiff prayed for a cancellation of the release, that he recover his damages, and "that, all parties being before the court, he have judgment for his said damages against Maryland Casualty Company as well as the other defendants to the extent said casualty company is obligated by the facts and by said policy hereto attached." The defendants Maryland Casualty Company and L. A. Jackson each filed pleas of misjoinder of parties and causes of action, which pleas were by the court sustained, and, plaintiff asking leave to amend, the cause was continued for the term. The plaintiff thereafter filed an amended petition, and the cause again coming on to be heard upon the pleas of misjoinder filed by the defendants L. A. Jackson and Maryland Casualty Company, the court sustained said pleas, and the plaintiff declining to amend his petition, the suit was dismissed. Plaintiff's motion for a new trial being overruled, he brought the case to this court by writ of error.

[1] The assignments of error challenge the correctness of the trial court's ruling in sustaining the pleas of misjoinder of parties and causes of action and insist that the case should be reversed. The propositions contended for are to the following effect: First, when plaintiff has a just cause of action against one person for any moneyed obligation or liability, and if he should recover another is bound to pay the sum recovered either for or to such other and to indemnify him against recovery, and when plaintiff in such suit cannot resort to garnishment or other legal remedy against his insolvent obligor or debtor and will suffer irreparable injury for want of any remedy at law, a court of equity will award a remedy, and under a judicial system where legal and equitable remedies may be administered in one suit, there is no mis-

joinder because of joining in the suit such indemnifier and requiring him to pay to the plaintiff instead of to the insolvent defendant; second, where a party is joined as a defendant in order that a release may be canceled which he has bought and paid for and holds for his protection and in which he and his codefendant are jointly interested, and when it is alleged and shown that, if the plaintiff should recover judgment against the codefendant for a sum of money, and also for a cancellation of the release, the defendant so joined and made a party will, because of that recovery, immediately become obligated to such codefendant to pay off and discharge the sum, for then such a defendant so joined will not be heard to complain if, when the judgment is rendered, he be adjudged to pay his obligation matured by the recovery unto the plaintiff instead of to the insolvent codefendant, and when the plaintiff has no legal remedy a court of equity, when all the parties are properly before the court for the purpose of canceling the release, will retain the case and dispose of it on all the issues. We think there was no error in sustaining the pleas of misjoinder. The petition sets up two causes of action— one for tort against his employers, the partnership firm of Jackson-Hinton Gin Company, and the individual members thereof, wherein the plaintiff seeks to recover damages for personal injuries alleged to have been sustained by him as a result of the negligence of said employers; the other on a contract in writing entered into between the defendant L. A. Jackson, or the Jackson-Hinton Gin Company, and Maryland Casualty Company, wherein said company, for a stipulated consideration, "agrees to indemnify L. A. Jackson, of Terrell, county of Kaufman, state of Texas, against loss from liability imposed by law upon the assured for damages on account of bodily injuries, including death, resulting therefrom accidentally suffered by any employé of the assured while upon the premises or upon the sidewalk or other ways immediately adjacent thereto provided for the use of the employés or public occupied by the assured in the conduct of the business and at the places mentioned in the schedule below." This is clearly a misjoinder of parties and actions; for the general rule is well established that a cause of action ex delicto and a cause of action ex contractu cannot be joined in the same suit. Stewart v. Gordon, 65 Tex. 344; G. A. Duerler Mfg. Co. v. Dulling, 83 S. W. 889; 2 Chitty's Pleading, 199; Pomeroy's Remedial Rights, 356, 479, 483. It has been distinctly held that one who has insured an employer against loss from the liability imposed by law for damages on account of injury to an employé cannot be joined in an action to hold the employer liable for injuries resulting in the death of an employer for which

the employer is alleged to be liable. Clark v. W. R. Bonsal & Co., 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191; Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924.

[2] In the first case here cited it is said:

"In construing contracts of this character, the courts have generally held that, if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole sum or some part of an employé's claim; but if the stipulation is, in effect, one indemnifying against liability, a right of action accrues when the injury occurs, or, in some instances, when amount and rightfulness of the claim has been established by judgment of some court holding jurisdiction—this according to the terms of the policy; but, unless the contract expressly provides that it is taken out for the benefit of the injured employés and the payment of recoveries by them, none of the cases hold that an injured employé may, in the first instance, proceed directly against the insurance company."

[3] The policy involved in this case does not provide that it is taken out for the benefit of the injured employés of L. A. Jackson and the payment of recoveries by them, and the rule announced in the above quotation is strictly applicable. In such policies the employé is not in privity with the parties to the contract, but the contract is one between the insurance company and the employer and for the benefit of the latter. It was not made for the protection of the employé or for his benefit. Its sole object was to indemnify the assured against loss as therein provided. But, even if the plaintiff, Owens, could maintain an action upon the contract, the present suit seeking a recovery upon it is premature. An insurance policy of the kind in question constitutes a contract of indemnity against actual loss, and there could be no liability until the assured suffered loss by reason of paying a judgment for injuries sustained to an employé. Southwestern Surety Co. v. Thompson, 180 S. W. 947; McBride v. Ætna Life Ins. Co., 126 Ark. 528, 191 S. W. 5. In determining the liability of the insurer in proceedings instituted by injured employés to reach an obligation of an insurance company to an insured on account of an injury to employés of the latter—

"the courts have adopted the rule that, if the policy is one which insured against loss or damage by reason of liability, or, in other words, is a contract of indemnity, the action cannot be maintained against the insurance company, on the theory that the amount of insurance does not become due and payable until the insured has paid the loss. But, if the policy is one which insures directly against liability, then the courts hold the view that the insurer is liable, on the theory that the amount of the policy up to the extent of the liability incurred by the employer on account of the accident becomes, immediately upon the happening of the event upon which the liability depends, an asset of the insured, which, in the absence of any provisions to the contrary in the policy, may be assigned by him or taken for his debt. This, it seems, is the distinction between an insurance policy which constitutes a contract of indemnity and what is ordinarily termed 'liability insurance.'"

[4] The contention that the facts alleged in plaintiff's petition in reference to a release executed by the plaintiff to the defendants of all claims, demands, and causes of action which he had on account of the injuries claimed to have been suffered by him while employed in a gin operated by defendants Jackson-Hinton Gin Company, and because of which facts he sought a cancellation of said release, show that the Maryland Casualty Company was and is a proper or necessary party to this suit, is not sound. Even though the plaintiff was injured by the execution of said release, and the Maryland Casualty Company benefited and might be adversely affected should it be canceled, and even though because of such interest it did in fact advance the money necessary to procure the release, such injury to plaintiff and such interest and advancement on the part of the Maryland Casualty Company could, we think, under no circumstances give any right to have said company made a party to a suit to cancel the release. That it is not a sufficient reason for joining a person as a defendant that the adjudication of the case at bar may determine points of law adversely to his interest is well settled. As a rule, the record must show a responsible interest in every defendant. 30 Cyc. p. 125. There is not, within the contemplation of this rule, any responsible interest shown in the Maryland Casualty Company.

[5] Nor do the allegations that the defendants Jackson-Hinton Gin Company are insolvent and the law affords plaintiff no remedy by garnishment or otherwise show the Maryland Casualty Company to be a proper or necessary party to this suit. As pointed out, the policy issued by the Maryland Casualty Company being one indemnifying against liability, the obligation of the company does not become fixed until a loss has been sustained by reason of liability, and there is no allegation of such loss. The rule is clearly stated in Fuller on Insurance, at page 462, in the following language:

"Inasmuch as these policies are now framed as contracts of indemnity against loss, rather than of insurance against liability, when payment of the judgment creditor is prevented by the bankruptcy or insolvency of the assured, the insurance company cannot be subjected to any liability on its policy—manifestly liability cannot be enforced by the assured, since it has suffered no loss, nor can it be enforced by the judgment creditor, since the policy contracts merely to indemnify the assured, and there is no privity of contract between the assured and

the one who was injured through the contract."

As a reply to the contention that under the facts alleged equity will furnish a remedy, the following quotation from Fidelity & Casualty Co. v. Martin, supra, will suffice:

"It is complained by appellee that to construe the contract of insurance as insisted by appellant would ignore the numerous equities that exist in behalf of appellee, and subject him to the hardship of being deprived of compensation for his injuries. It is sufficient response to say that we can do no more than determine the rights of the parties under the contract of insurance. As said in Bennett v. Stuart, 161 Ky. 264, 170 S. W. 642: 'A court of equity has no right to make a contract to suit one of the parties. It must take the contract as it finds it, and determine the rights of the parties from it as they themselves make or leave it. * * *' However deserving appellee may be of compensation, what he is asking us to do is to aid him, a stranger to the contract, by giving it a meaning not authorized by its language, and that neither of the real parties to it intended it to have."

The judgment is affirmed.