No. 29,603.

CHARLES BRANDON, *Appellee*, v. THE ST. PAUL MERCURY INDEMNITY
COMPANY et al., *Appellants*.

(294 Pac. 881.)

Opinion filed
January 10, 1931.

*Richard E. Bird*, of Wichita, for the appellants.

*A. M. Ebright, A. B. Burch, J. B. Patterson* and *P. K. Smith*, all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by Charles Brandon against George Woods for the recovery of damages for negligently running into and seriously injuring him, a trial resulted in a judgment in favor of Brandon for $2,500. Executions were returned unsatisfied and garnishment process was issued against the St. Paul Mercury Indemnity Company, which had insured Woods against liability for injuries caused in operating his automobile, and that company answered that it was not indebted to Woods and did not have possession or control of any property, effects or credits belonging to Woods. Issue was taken on the answer of the garnishee and a jury was called to try the issues of fact. A demurrer to the evidence in behalf of Brandon was overruled and after testimony was produced by the garnishee the court ruled that there was no ques-

tion of fact to be decided, discharged the jury and rendered judgment for $2,691. The garnishee has appealed.

It is contended by the indemnity company that it is not directly liable to Brandon, the injured party; that the latter in fact took the place of Woods, the insured, and that Woods had not complied with the conditions of the policy as to giving prompt notice of the accident to the company, and also the provision requiring Woods to coöperate with the company in any suit brought by the injured party. These failures, it is claimed, prevent any liability attaching to the company and necessarily created no liability of the company to Brandon, who stands in the shoes of Woods. It appears that an automobile policy of insurance was issued by the company to Woods and that shortly afterwards the accident occurred in which Woods ran his automobile over Brandon, inflicting the injuries upon which a recovery was based. Woods advised the agent who issued the policy of the accident, and the agent told him he would notify the company, and that Woods would be expected to coöperate with the company in the defense against the claim and would render assistance in the matter to the company. Afterwards one Stone, the representative and adjuster of the company, investigated the result of the collision and the liability for the injuries sustained. Woods was asked by him why he had not reported the accident before and he replied that the injury did not amount to anything and the agent said, "We have been sued—you have been sued," and told Woods, "You must help us get the witnesses," whereupon Woods gave the agent the name of one witness. The attorney for Woods was also the attorney for the indemnity company in resistance of the claim. Before the trial of the case brought against him Woods became insolvent and disappeared. Thereafter he took no part in the trial, and his whereabouts were unknown to any of the parties. His attorney, who acted for the indemnity company, procured a number of continuances of the case brought by Brandon, and when it was finally tried a judgment in favor of Brandon was rendered. Executions issued were returned unsatisfied and thereupon Brandon brought the garnishment proceeding against the indemnity company. Several offers of substantial amounts were made to Brandon by the attorney for Woods and the company in settlement of the claim and judgment, both before and after the garnishment hearing, which were not accepted.

The policy, it appears, was one of insurance against liability

rather than one of indemnity. It provided, among other things, that the company would pay all sums for which the assured became liable, for all damages imposed by law for bodily injuries, including death, up to the amount of $5,000; that in case of an accident the insured should immediately notify the company and forward any summons or other process served on him in connection therewith, and that the insured should aid the company in effecting settlement, securing information and evidence and obtaining the attendance of witnesses, but that the insured should not assume any liability or interfere in any negotiation for settlement or in any legal proceeding; that the insolvency or bankruptcy of the assured should not release the company from payment of damages and in case execution against the insured is returned unsatisfied because of insolvency, an action might be maintained by the injured party against the company under the terms of the policy. It was agreed that notice by or on behalf of the assured to any authorized agent of the company sufficient to satisfy the assured, shall be deemed to be notice to the company. Failure to give notice within the time specified shall not invalidate any claim under this section made by the assured, if it be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given within a reasonable time. The company agreed to investigate any claim for damages, to negotiate settlement as may be deemed expedient by the company, and to defend suits for such damages, even if groundless, in the name and on behalf of the assured until the company shall elect to effect settlement thereof. It agreed to pay all costs taxed against the assured in any legal proceeding defended by the company and interest accruing upon a judgment rendered. The policy did not contain what has been termed the "no action" clause providing that it should only be liable to the extent of reimbursing the insured for loss actually sustained and paid by him. The company reserved the right authorizing the company to defend any suit for damages, providing that there should be no interference by the insured with negotiations for settlement, and providing that the insurance should not be paid until the damages had been adjusted and settled by the company, and all together must be regarded as a contract against liability. In *Blanton v. Cotton Mills Co.*, 103 Kan. 118, 172 Pac. 987, a policy somewhat similar to the one in question was held to be one binding the company for liability and not for mere indemnity, and further that the insurance com-

pany was subject to garnishment, at the suit of the injured party. In that case it was recognized that there was a conflict of authority on the question and many cases holding to the view adopted by this court were there cited. (See, also, *Fritchie v. Miller's Pa. Extract Co.*, 197 Pa. 401; *Maryland Casualty Co. v. Peppard*, 53 Okla. 515; *Lewinthan v. Travelers' Ins. Co.*, 113 N. Y. Supp. 1031; *Slavens v. Standard Accident Ins. Co.*, 27 F. [2d] 859; Note in 48 L. R. A., n. s. 184.) The company, it appears, had made its defense to the claim for damages in the action of *Brandon v. Woods*, and did so in the name of Woods, as the policy provision provided that it might do. The judgment in favor of plaintiff had been entered and had become a finality before the garnishment proceeding was commenced. The questions as to the right of recovery were settled in that action. If there was any question as to failure of Woods to give prompt notice of the accident and to assist the company in the defense, which could be regarded as still open to the company, it was determined in that judgment. It proceeded with the defense in that case after Woods had disappeared, and also had applied for and obtained a number of continuances of the case. It had also made a number of offers of compromise and settlement with the plaintiff. It is true that the attorney said he had made the offers in behalf of Woods and those interested in making a defense, but he frankly stated that he was conducting the defense without the express command of Woods, and that he expected to be paid for it by the company. The action of the company in the case, including the offers of considerable sums in settlement of the claim and judgment, operated as a waiver if there was any defect in the matter of notice and of the failure of Woods to aid in the defense. (*Mayse v. Great American Ins. Co.*, 123 Kan. 692, 256 Pac. 1002; *Penquite v. General Accident and Life Ass'n*, 126 Kan. 511, 268 Pac. 851; *Moody v. Providence Washington Ins. Co.*, 127 Kan. 783, 275 Pac. 131.)

Under the evidence and the admissions of parties the court, we think, rightly decided that the company was liable for the damage sustained, and there was no error in discharging the jury and in entering judgment for plaintiff. The claim that there was departure in pleading is deemed to be without merit.

The judgment is affirmed.