### GRAVES v. SOUTHERN UNDERWRITERS.
### No. 8816.

Court of Civil Appeals of Texas. Austin.
May 17, 1939.

On Appellant's Motion for Rehearing
June 14, 1939.

Hull '& Oliver, of San Antonio, for appellant.

Battaile & Burr, of Houston, for appellee.

BAUGH, Justice.

This suit arose as follows: In July, 1935, Graves obtained a judgment against Robert Teel in the District Court of Karnes County, for $35,000 for personal injuries received by him by being run over by a truck belonging to Teel. At the time of the injury Robert Teel carried an indemnity insurance policy with appellee, with liability limited to $5,000. Graves caused execution to be issued against Teel, which was returned nulla bona. Thereupon Graves sued out this writ of garnishment, undertaking to collect his judgment from appellee to the extent of $5,000 predicated upon the indemnity policy. The garnishee answered that it owed Teel nothing, which answer was controverted by Graves; and upon a trial thereof in the District Court of Harris County, to which court the garnishment proceedings had been transferred upon plea of privilege, the court rendered judgment in favor of the garnishee, Southern Underwriters; hence this appeal.

It is unnecessary to set out here all of the provisions of the policy, but it has been adjudicated repeatedly in cases where such policies contained either similar or identical provisions with the one here involved, that they are indemnity policies only, and not insurance against liability for loss.

It is not controverted that Teel notified the appellee of the accident, and that the insurer investigated it and undertook to settle with Graves for his injuries, offering as a maximum $2,000. Nor that Graves had offered to settle with the insurer for less than $5,000. The negotiations for such settlement terminated prior to the time suit was filed against Teel, and Graves was advised in writing that the insurer considered the policy one of indemnity only, that it owed Teel nothing under the policy, and denied any liability to Graves. Thereupon Graves sued Teel.

Citation was issued, served upon Robert Teel, Jr., who forwarded same to the appellee. According to the testimony of Graves' attorney, default judgment was entered against Teel at the next term of court; but it was then, or soon thereafter, discovered that citation had been served upon the wrong Teel; that judgment was set aside, citation reissued and served upon Robert Teel, Sr., and a $35,000 judgment was rendered by default against Robert Teel, Sr., at the next term of court. It does not appear whether the second citation, served upon Robert Teel, Sr., the assured, was ever forwarded to or received by the insurer.

No contention is made by appellant but that the policy here involved is one of indemnity only; but appellant insists that the insurer became liable to him under its policy when the judgment was rendered against Teel, under the rule announced in Ferris v. Southern Underwriters, Tex.Civ.App., 109 S.W.2d 223; American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633; and Brandon v. St. Paul Mercury Indemnity Co., 132 Kan. 68, 294 P. 881, 83 A.L.R. 673, particularly relying upon the Fellbaum case. This on the ground that under the holding in the Fellbaum case, the insurer became liable because of its investigation of the claim, its negotiation with Graves looking to a settlement thereof, and its offers of compromise. The policy involved here, however, contained the following provision: "The Exchange shall not be held to have waived any provision or condition, or exclusion of this Contract, or any forfeiture of this Contract, or be held to have admitted liability by any act, or proceeding, on its part or the part of the Attorney relating to any examination, or investigation, or negotiation, or appraisal, herein provided for, or by any act or proceeding relating to any defense undertaken."

This was an express provision of the contract itself, of which no complaint has been made either by the insurer or the assured; and is manifestly binding upon appellant. American Automobile Ins. Co. v. Cone, Tex.Civ.App., 257 S.W. 961; Lander v. Jordan, Tex.Civ.App., 59 S.W. 2d 959. Under the express terms of the contract, therefore, the mere investigation or negotiation by the insurer looking to a compromise prior to the time that any suit was filed would not amount to any admis-

sion of liability, nor fix any liability against the insurer by virtue thereof.

The "No Action" clause in the policy provided: "No action shall lie against the Exchange or any of its subscribers to recover any loss or expense under Coverages A or B unless the Assured shall have fully complied with all the requirements hereof, and unless such action shall be brought by the Assured for loss and/or expense actually sustained and paid in money by the Assured after the amount thereof shall have been fixed and rendered certain, either by final judgment against the Assured after actual trial of the issue, or by agreement between the parties by and with the written consent and approval of the Exchange, subject to the limits imposed in this contract as to amounts of liability and/or losses specifically indemnified, nor in either event unless suit is instituted within two years and one day after the date of such final judgment or written agreement."

Under this clause of the contract, constituting the policy one of indemnity only, it is clear under the adjudicated cases, unless the insurer has either waived same, or is estopped to assert it, no liability to the injured party arose. The Company became liable under such indemnity provision to the assured only upon his compliance with the terms of the policy. That is, by payment of the judgment or some portion thereof. Southwestern Surety Ins. Co. v. Thompson, Tex.Civ.App., 180 S.W. 947; Owens v. Jackson-Hinton Gin Co., Tex.Civ.App., 217 S.W. 762; Hanson v. Haymann, Tex.Civ.App., 280 S.W. 869; Universal Automobile Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727, 87 S. W.2d 475.

While the policy obligated the insurer to defend all actions for damages brought against the assured, any cause of action resulting from its failure to do so, and the rendition of a judgment against the assured by reason of such failure, would accrue only to the assured. In no event could the company's failure to defend Graves' suit against Teel create any grounds of complaint on the part of Graves, since he was enabled, probably by such failure, to obtain a $35,000 judgment against Teel on a claim which he himself testified that he offered to settle for less than $5,000.

The case here involved is clearly distinguishable from the Fellbaum case,

wherein the insurer undertook to and did defend the suit by the injured party against the assured on the trial thereof; and conducted the same under the exclusive control of its own attorneys. It was upon this ground that the Supreme Court held in the Fellbaum case that the insurer was equitably bound by the judgment. In the Ferris case, wherein the Fellbaum case was cited and referred to, not only did the insurer conduct the defense of the case in the trial court, but we concluded in that case that in addition to this fact the insurer was liable under the terms of the city ordinance which made the insurer liable to the judgment creditor.

In the Brandon case also relied upon by the appellant, it was held that the policy there involved was one of insurance against liability, rather than one of indemnity. Consequently the rule there announced would not be applicable in the instant case. On the contrary, the rule applicable in the instant case, applying to the "no action" clause above quoted, is fully annotated under the Brandon case in 83 A.L.R., at page 688, et seq., with citation of numerous cases from many jurisdictions in support thereof.

■ Because of the fact that the policy here involved is one of indemnity only, the fact that the insurer denied liability prior to suit, and did not undertake to defend Graves' suit against the assured; and because of the nonwaiver provision of the policy itself, it seems clear that the appellee was not liable to Robert Teel under the undisputed facts of the instant case; and was therefore not liable in garnishment to the judgment creditor. The issues here presented were fully discussed by Judge German in the Culberson case, supra, and the opinion in that case is conclusive of the issues here presented. It follows, therefore, that the judgment of the trial court is affirmed.

Affirmed.

On Appellant's Motion for Rehearing.

In his motion for rehearing appellant urges that we erred in stating that the judgment in favor of Graves against Teel was by default. This statement was predicated upon the testimony of Herbert Oliver, one of the attorneys for Graves. When the suit of Graves against Teel was called for trial in the District Court of Karnes County, said attorney was advised that the Teel served with citation was not the Teel who was insured. He then testified as follows: "Being so advised by Mr. Chapman I did not urge the judgment, * * * I believe there was a default judgment taken, and I asked the court to set it aside, and caused citation to be issued and served it upon Robert Teel, Sr.; and at the term of court to which that citation was returnable. I tried the case, resulting in a judgment for thirty-five thousand dollars, out of which this garnishment arose."

The judgment rendered in that case, however, recites: "and came the defendant (Teel), after having been duly served, with citation herein for the length of time, and in the manner provided by law for personal service citation, by his attorney of record herein, and announced ready for trial."

This judgment recital negatives our statement in the original opinion that the judgment was by default, and we correct it accordingly.

It was not shown by appellant, however, who was Teel's attorney in that case; or that he was employed by, or had any connection with, the appellee insurance company, or that he defended that suit in its behalf. On the contrary, it was shown that appellant, in his negotiations and efforts to compromise with the insurer dealt with and recognized John F. Battaile of Houston as the attorney for appellee in connection with the matter; and so far as the record shows, Battaile was the only attorney for appellee. Battaile testified on the trial of this suit that he had never represented Teel as his attorney. Consequently proof in the instant case that the insurer took charge of and defended Teel in the suit against him by Graves was wholly lacking.

In view, therefore, of the terms of the policy and the non-waiver provision, in order to bring the instant case within the holding in the Fellbaum case, it was incumbent upon appellant to bring his case within the rule laid down in that case. This he failed to do.

Appellant's motion is granted to the extent above indicated; in all other respects it is overruled.

Granted in Part and in Part Overruled.