## AMERICAN INDEMNITY CO. v. HALE et al.
### No. 4714.

District Court, W. D. Missouri, W. D.
May 2, 1947.

Henry W. Buck and William H. Curtis, both of Kansas City, Mo., for plaintiff.

Sam Bartlett, of Kansas City, Mo., for defendant Louis G. Adrian.

Roger S. Miller, of Kansas City, Mo., for defendant Dan J. Hurt.

Ruby D. Garrett, of Kansas City, Mo., and Arthur J. Stanley, Jr., of Kansas City, Kan., for defendant Nelson E. Fletcher.

E. E. Thompson and J. H. Greene, Jr., both of Kansas City, Mo., for defendant Frank M. Wright.

Benjamin Hale, defendant pro se.

RIDGE, District Judge.

### Findings of Fact.

The plaintiff, American Indemnity Company, on October 9, 1946, issued to the defendant Benjamin Hale its policy of automobile liability insurance, whereby it agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile" owned and operated by the insured, and, "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property" arising from the operation or use of said automobile. The limit of plaintiff's liability under said policy was $5,000 for bodily injury sustained by one person, and for each accident and all persons injured or killed therein, the sum of $10,000. The limit of plaintiff's liability

for property damage was the sum of $5,-000 for each accident. Under said policy, plaintiff was obligated to defend, in the name of defendant Benjamin Hale, its insured, and on his behalf, any suit instituted against him, alleging personal injury, or destruction to property, and seeking damages on account thereof, even if such suit was groundless, false or fraudulent; and, to make such investigation, negotiation and settlement of any such claim or suit as may be deemed expedient by plaintiff; to pay all costs taxed against said defendant in any such suit, and "all interest accruing after entry of judgment until the Company has paid, tendered or deposited in Court such part of such judgment as does not exceed the limit of the Company's liability thereon." It was also provided in said policy that:

"No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the Company.

"Any person * * * who * * * secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or the insured's estate shall not relieve the Company of any of its obligations hereunder."

The defendant Benjamin Hale is a citizen and resident of the State of Kansas. On October 23, 1946, while said policy of liability insurance was in full force and effect, said defendant, while driving the automobile covered by said policy of insurance, came into collision with an automobile owned and operated by the defendant Louis G. Adrian. The defendants Dan J. Hurt, Nelson E. Fletcher and Frank M. Wright were passengers in the Adrian automobile at the time of said collision. The collision above referred to occurred in Johnson County, Kansas. After said collision, the defendant Adrian, a resident of the State of Missouri, filed an action in the District Court of Wyandotte County, Kansas, wherein he alleges that defendant Benjamin Hale negligently caused the aforesaid collision and wherein he prays the Court to grant him relief in the amount of $40,000, as payment for bodily injuries, and $600 for property damage suffered in said accident, and for the costs of his action. The defendants Dan J. Hurt and Nelson E. Fletcher, also residents of the State of Missouri, filed similar individual actions against the defendant Hale in the State of Kansas, in which they each claim damages on account of personal injuries received by them in the sum of $40,000, and pray judgment therefor, together with the costs of said actions. The defendant Frank M. Wright instituted an action in the Circuit Court of Jackson County, Missouri, at Kansas City, against the defendant Adrian and the defendant Hale, in which he alleges that the aforesaid collision was caused by the joint and concurrent negligence of Adrian and Hale, and, in which he prays judgment against both parties in the sum of $40,000 for personal injuries received by him, together with the costs of his action. The total amount of damages claimed against the defendant Hale in all said actions is the sum of $160,600.

Pursuant to the obligation assumed by it, in the policy of insurance in question, plaintiff has undertaken the defense, on behalf of and in the name of its insured, Benjamin Hale, of each of the above referred to actions. Each of said actions are now pending in the above State Courts. No judgment, interlocutory or final, has been rendered against the defendant Benjamin Hale, in any of such actions.

Because the aggregate amount of claims made against the defendant Benjamin Hale exceeds the total limit of its liability for personal injuries arising out of any one accident under said policy, plaintiff, a resident and citizen of the State of Texas (in which said State the policy of automobile liability insurance here involved was issued), brings this interpleader action and action for declaratory relief, seeking to have this Court

determine whether the defendant Hale is liable to any of the other defendants herein by reason of the claims so made against the defendant Hale in the above referred to State Court actions; and, that if the Court determine that the defendant Hale is liable to any *one* or more of the other defendants herein, that the Court determine the amount of defendant Hale's liability and the manner in which the insurance fund of $10,600 which plaintiff would then be required to pay under its said policy should be paid to such successful defendant or defendants, if any, who establish their claim against the defendant Hale, and that plaintiff be discharged from all liability upon making payment up to the limit of its liability as expressed in said automobile insurance policy. Plaintiff also seeks to have the defendants, other than the defendant Hale, restrained from proceeding further in their pending actions against the defendant Hale in the State Courts, and that the Court grant such other and further relief as to the Court may seem meet and proper.

### Reasons for Conclusions of Law.

Plaintiff, in its petition, states that:

"It is not liable to the defendants, or any of them, in any amount and that, if liable at all, its liability is limited under the aforesaid automobile insurance policy to $10,000.-00 in damages for all personal injuries suffered by any or all of said defendants in this accident, and to $5,000.00 for all property damages resulting from said accident."

However, no facts are alleged in the petition claiming or establishing a breach of any condition of the automobile insurance policy by its insured, defendant Benjamin Hale. It is not plaintiff's contention in this case that it is not liable under the automobile insurance policy in question, to pay any judgment obtained against the defendant Benjamin Hale in any one or more of the State Court actions above referred to, up to the limit of its policy liability.

The plaintiff's contention is, that the claims made against the defendant Hale in the State Court actions involve common questions of law and facts, "with reference to the liability, if any, of the plaintiff" in the instant action to the defendants who are plaintiffs in the State Court actions. (Plaintiff here, is not a party in any of said State Court actions.) Plaintiff states that unless the relief prayed by it be granted it will suffer irreparable damage by being required to defend a multiplicity of suits and it will be exposed to a damage of multiple liability upon the liability assumed by it to its insured, defendant Benjamin Hale, in that:

"Under the aforesaid automobile liability policy plaintiff is obligated to conduct the defense of defendant Hale against the claims of all the other defendants in this action, and such defenses would result in a duplication of proof and unnecessary time and expense. Moreover, if these claims should be tried in separate actions and if the validity of one or more such claims should be established, this plaintiff would be in danger of being forced to make payments in excess of its policy liability because it cannot at this time, and could not at the time any such judgment might be rendered, determine whether the insurance policy fund should be distributed according to priority of claimants obtaining judgment, or whether it should be retained and apportioned ratably in accordance with the amounts of judgments obtained by the various defendants. Plaintiff is also in a dilemma in that it is authorized under the provisions of the aforesaid insurance policy to settle any claim or suit and might well be held liable to its insured for any failure to make such an advantageous settlement, and yet plaintiff could not be assured, without the aid of this Court, that any settlement that it might make with one of the claimants could be deducted from the insurance fund in determining the amount available to other claimants who might later succeed in obtaining judgments.

"Plaintiff submits that, even though the claimants should establish valid claims against Benjamin Hale, plaintiff's liability to make payments in Hale's behalf is limited to the amount of $10,600.00. The aforesaid insurance policy limits plaintiff's liability for bodily injury to $10,000.00, and the only claim for property damage has been made by Louis Adrian. Adrian's claim for property damage amounts to $600.00 which is within the $5,000.00 limit of plaintiff's liability for property damage. However, Ad-

rian in his suit claims both bodily injuries and property damage and, therefore, both claims should be brought before this Court for determination."

The matter now before the Court is plaintiff's motion for a preliminary injunction, seeking to enjoin the defendants Adrian, Hurt, Fletcher and Wright, their agents and attorneys, from proceeding, maintaining or continuing with the prosecution of any suit or suits against defendant Benjamin Hale, on account of "the automobile collision above referred to" under the above facts. The defendants Adrian and Wright do not contest plaintiff's action in seeking such a preliminary injunction. At the hearing on said motion, the defendant Hale appeared in person, without counsel, but made no contest of plaintiff's motion. The defendants Hurt and Fletcher, in open Court, without written pleading or citation of authority, state they only question in their minds whether this Court has jurisdiction to entertain the instant action, and, the right of plaintiff to compel a determination in this Federal District Court of the issues raised in the causes of action pending before local State Courts. They say further, that if this Court determines for itself that it has jurisdiction to proceed in the instant cause, then they have no objection to the Court determining the liability of defendant Hale to them and the amount of damages they are entitled to recover because of such liability. Each said defendant specifically denies, however, that they are, at this time, making any claim against the plaintiff here in the actions instituted by them in the State Court.

The damage suits instituted by the defendants Adrian, Hurt, Fletcher and Wright against the defendant Benjamin Hale are not subject to being removed from the State Court in which they are pending, to the Federal District Court. The suits filed by the defendants Adrian, Hurt and Fletcher are pending in a State Court of Kansas, of which State defendant Benjamin Hale is a citizen and resident. The action instituted by the defendant Wright, pending in the State Court of Missouri, is a joint cause of action against the defendants Adrian and Hale, alleging joint and concurrent neglig-

ence and claiming a joint and several liability. Adrian is a resident of Missouri, as is the defendant Wright.

To sustain the prayer of plaintiff, contained in the instant complaint, would be to drag essentially local litigation into the Federal Courts; and, litigation over which this Federal District Court has no jurisdiction. To do so would defeat the jurisdiction of State Courts over such litigation, merely because one of the parties to such litigation happens to have indemnity insurance in a foreign insurance company. There is no dispute in this action between such foreign insurance company and its insured as to the amount, extent or right of coverage under the policy of automobile insurance issued by it to the defendant Hale. The plaintiff insurance company admits its liability to the defendant Hale under said policy of insurance and that it is bound to defend, in the name of said defendant, the actions so pending in the State Courts and pay any judgment or judgments to the limit of its coverage that may be rendered against the defendant Hale therein. If plaintiff here prevails in the defense of such State Court actions then it will not be subject to any liability to the other defendants herein by reason of its issuance of the policy of insurance in question. It contends, however, that if it should fail in the defense of such actions it would be liable under the policy of insurance in question to the total of its legal limit of coverage, and that should two or more of the plaintiffs in the separate State Court actions recover judgment against the defendant Hale in excess of the legal limit of its coverage, it would be subject to multiple claims made against it, and be in a quandary as to how it should pay the limit of such coverage to the several successful plaintiffs in such State Court actions. Plaintiff in the instant action does not admit liability on the part of the defendant Benjamin Hale for causing the collision in question and consequent bodily injury claimed by the other defendants. The only fact before the Court concerning the extent of injury sustained by the defendants, other than the defendant Hale, from the collision in question, is that such injuries are serious. Whether any

one or more of the plaintiffs in the State Court actions will obtain a judgment against the defendant Hale in excess of the total limit of coverage contained in the policy in question, or any judgment at all, is problematical and left to speculation and conjecture. The question whether defendant will be confronted with claims made against it because of any such judgments, if obtained, can as well be determined after the conclusion of the suits pending in the State Courts as it can now. If the plaintiff here prevails in its defense of the actions pending in the State Courts, there will of course, be no occasion to assert any such contention in this Court. In Indemnity Insurance Co. of North America v. Schriefer, et al., 4 Cir., 142 F.2d 851, 853, Judge John J. Parker, writing for the Court, concerning a similar contention, raised by an insurance company, in a declaratory judgment action, said:

"There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court and which the "company can litigate as well after the termination of the state court litigation as now."

See also State Farm Mutual Automobile Insurance Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188.

■ The Statutes of Missouri, Sec. 6010, R.S., Ann., 1939, Mo.R.S.A., give to a judgment creditor who has sustained loss on account of bodily injury, a right of action against an insurance company issuing a policy of insurance against such loss or damage. The case law of Kansas recognizes the right of a judgment creditor of an insured to proceed against such insurance company by way of garnishment proceedings, to recover from the insurer the adjudged liability of the insured. Brandon v. St. Paul Mercury Indemnity Co., 132 Kan. 68, 294 P. 881. Under the law of both said states such a cause of action against the insurer does not accrue in favor of a party entitled to so proceed, until after

judgment has been obtained against the insured. Whether and under what circumstances an insurance company can be reached through a judgment obtained against an insured is a question of local state law. Brillhart v. Excess Insurance Co., 316 U.S. 491, 496, 62 S.Ct. 1173, 86 L. Ed. 1620. No claim can possibly be asserted against the plaintiff in this action by the defendants, who are plaintiffs in the State Court actions, until after they have secured a judgment against the defendant Hale.

■ A non-resident liability insurance company having a multiple liability under a single policy of insurance and being threatened with several causes of action, or claims, by judgment creditors of its insured, would have a right under Title 28 U.S.C.A. § 41(26) to maintain in the Federal Courts (other jurisdictional factors being present) an interpleader action seeking protection against payment of multiple claims in excess of the limits of its policy liability. In such action, the Federal District Courts are given jurisdiction to issue suitable and proper orders and decrees, as well as grant injunctive relief. Such statute does not, however, authorize an interpleader action merely against potential judgment creditors. The claims of such creditors must be actually existing and claimed against such insurance company before grounds for the interposition of an interpleader action exists under said statute. Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, 106 A.L.R. 617.

Plaintiff relies upon Standard Surety & Casualty Co. v. Baker, 8 Cir., 105 F.2d 578, 579, for its right to maintain the instant action. It is also plaintiff's contention that said case overrules the case of Klaber v. Maryland Casualty Co., supra. Neither such contention can be sustained. In the Baker case, the right of interpleader was sustained on the ground that "numerous actions at law were filed against the plaintiff" therein, and conflicting claims were being asserted against the insurance company there involved under the bond issued by it "running to the people of the State of Missouri." Klaber v. Maryland Casualty Co., supra, is cited with approval by the Court in said opinion as correctly

534

and exhaustively stating the history and development of the remedy provided by interpleader actions. Although the opinion in the Klaber case was handed down prior to the amendment of Title 28 U.S.C.A. § 41(26), we do not believe that such amendment materially affects the decision of the Court in the Klaber case, or that the opinion of the Court in Standard Surety & Casualty Co. v. Baker, supra, was intended to be criticism or disapproval of the opinion in Klaber v. Maryland Casualty Co., supra. The distinction between Standard Surety & Casualty Co. v. Baker, supra, and the instant case is that in the former the insurance company was actually named and sued as a party in the State Court actions there involved and claims were being asserted against it, directly, under its bond. In the instant case, no such claims are being asserted against the insurance company here involved and none such can at this time be so asserted.

It is not necessary for the Court to discuss the point raised by plaintiff to the effect that if judgments are obtained in several of the State Court actions now pending, it will be in a dilemma as to who should be paid out of the insurance fund in its possession. Such question under the facts in the case at bar may never arise. When it does, it will then be time for the Court to consider the equities involved.

In the instant case, the Court improvidently issued a restraining order pending hearing on the motion for preliminary injunction. It should not have done so, and plaintiff's motion for a preliminary injunction should be, and the same is hereby, denied.

Conclusion of Law:

The Court declares the law to be that under the facts here found plaintiff has not established a right to a preliminary injunction, restraining the defendants Adrian, Hurt, Fletcher and Wright, from proceeding with the prosecution of the actions instituted by them in the Courts of the States of Missouri and Kansas, against the defendant Benjamin Hale.

Plaintiff's motion for preliminary injunction should be denied.

It so ordered.