Kathryn TASHIRE, Eva Smith, Harry Smith, Lillian G. Fisher, Barbara Mc-Galliand, Doris Rogers, Gail R. Gregg, Richard L. Walton, heir of Sue M. Walton, and Donald Wood, Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, and Greyhound Lines, Inc., Appellees.

No. 20380.

United States Court of Appeals
Ninth Circuit.

June 30, 1966.

Certiorari Granted Oct. 10, 1966.
See 87 S.Ct. 90.

---

9. With exceptions which are here not relevant.

James B. Griswold, of Green,' Richardson & Griswold, Nels Peterson, Nick Chaivoe, Portland, Or., for appellants.

Williams, Skopil & Miller, Otio R. Skopil, Jr., Salem, Or., McColloch, Dezendorf & Spears, John Gordon Gearin, James H. Clarke, Portland, Or., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and MATHES, Senior District Judge.

MATHES, Senior District Judge:

This appeal from an interlocutory order of the United States District Court for the District of Oregon, refusing to dissolve a restraining order issued under 28 U.S.C. § 2361, arises out of a California accident between an automobile driven by one Ellis D. Clark and a Greyhound Lines bus operated by one Theron Nauta. Following this accident Clark's insurer, appellee State Farm Fire and Casualty Company, instituted an "Action in the Nature of Interpleader" in the District Court, asserting Federal jurisdiction under 28 U.S.C. §§ 1332 and 1335, and naming as defendants the insured Clark, Greyhound Lines, bus driver Nauta, the owner of Clark's vehicle, and thirty-five bus passengers or their personal representatives.

Appellee State Farm's complaint "in the nature of interpleader" [28 U.S.C. §

1335(a)] alleges that the insurer is incorporated and has its principal place of business in the State of Illinois, and that defendants are citizens of various provinces of Canada and of states other than Illinois. The complaint further alleges that defendants are, or claim to be, injured as a result of the California collision between the Clark vehicle and the Greyhound bus, or otherwise have or claim to have, an interest in the automobile insurance policy issued by State Farm to Clark.

This policy provides for personal liability coverage for bodily injury limited to $10,000 for each person and $20,000 for each occurrence. Appellee State Farm also alleges that, at the time of filing of the complaint, at least four actions had already been commenced in the California courts against Clark and others, seeking recovery of total damages exceeding one million dollars, with additional suits anticipated; and that if the legal liability of the insured Clark for all or most of the injuries and deaths resulting from the accident were to be established, the amount of such liability would substantially exceed the policy limits.

Appellee State Farm deposited with the Clerk of the District Court the sum of $20,000 representing the face amount of its policy to Clark, to be distributed by the Court to the extent needed to satisfy the claims of the defendants, subject to being reclaimed upon a finding that State Farm's coverage under the policy did not extend to Clark under the circumstances. However, State Farm does not admit any coverage under its policy or any liability on the part of its insured Clark. The prayer of the complaint is that the defendants who claim injury or damage be required to interplead and establish their respective claims, that an injunction issue restraining the parties from instituting or prosecuting any suits against Clark or State Farm in any other State or Federal Court, and that State Farm otherwise be discharged from all liability and duties under the contract of insurance, including the duty to defend lawsuits against the insured Clark.

The District Court, upon motion of State Farm and after a hearing, issued an order under 28 U.S.C. § 2361 restraining appellants and other defendants "from instituting or prosecuting any proceedings in any state or United States Court affecting the property or obligation involved in this interpleader action, and specifically against instituting or prosecuting any proceeding against the plaintiff [State Farm] or any of the defendants who may constitute the plaintiff's assured." Appellants moved to dissolve this restraining order. Their motion was denied, and this appeal followed.

After notices of appeal had been filed, the Court modified the restraining order to permit any defendant to file an action against the plaintiff, State Farm, or against any defendant, but at the same time continued the injunction in force as to all defendants "from further prosecuting any such actions * * *, and specifically against further prosecuting any proceedings against the plaintiff or defendants Ellis D. Clark, Greyhound Lines, Inc., or Theron Nauta."

■ This Court has jurisdiction to entertain this appeal by virtue of 28 U.S.C. § 1292(a) (1), which permits appeals from interlocutory orders of the District Court "refusing to dissolve * * * injunctions." [See: John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952 (2d Cir. 1953); Missouri-Kansas-Texas R. Co. v. Randolph, 182 F.2d 996 (8th Cir. 1950).]

■ Section 1335 of Title 28 of the United States Code provides in part that: "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader * * * if (1) Two or more adverse claimants, * * * are claiming or may claim to be entitled * * * to any one or more of the benefits arising by virtue of any * * * policy * * *." Whether or not an insurance company is subject to claims within §

1335 is a question to be determined by State law. [See Brillhart v. Excess Ins. Co., 316 U.S. 491, 496, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).]

State Farm's policy, attached to the complaint, provides that the insurer will "pay on behalf of the insured all sums which the insured shall become legally obligated to pay", but expressly limits this obligation with a "no action" clause specifying that: "No action shall lie against the company: * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

■ Moreover, under the law of California where the accident occurred, and of Oregon where the insurance contract was entered, a direct action against the insurer is not allowable until after the claimant shall have secured a final judgment against the insured. [See: Calif. Ins. Code §§ 11580(b) (2), 11581; Oregon Revised Statutes § 23.230.]

■■ In states such as Louisiana, on the other hand, where direct action by an injured person against the insurer as "joint tortfeasor" is provided for by statute, interpleader jurisdiction can be sustained in the absence of a judgment against the insured, since the direct-action statute gives claimants against the insured the status also of claimants against the insurer. [See Pan American Fire & Cas. Co. v. Revere, 188 F.Supp. 474 (E.D.La.1960).] The "direct-action" statutes thus serve to underscore the correctness of our view that, in a case such as that at bar, a party may not "claim to be entitled * * * to one or more of the benefits arising by virtue of any * * * policy" until after his claim against the insured has been reduced to final judgment. [See: National Cas. Co. v. Ins. Co. of North America, 230 F.Supp. 617 (N.D.Ohio 1964); American Indemnity Co. v. Hale, 71 F.Supp. 529 (W.D.Mo.1947); contra,

Commercial Union Ins. Co. of New York v. Adams, 231 F.Supp. 860 (S.D.Ind. 1964).]

■ It should also be noted that under Rule 22(1) of the Federal Rules of Civil Procedure, which applies to actions founded upon the diversity-of-citizenship provisions of 28 U.S.C. § 1332 [see Sec. Trust & Savings Bank v. Walsh, 91 F.2d 481 (9th Cir. 1937)], only "persons having claims against the plaintiff [insurer] may be joined as defendants and required to interplead * * *." Which is to say that only persons having actionable [presently judiciable] claims against the plaintiff "may be * * * required to interplead." For the reasons already stated, then, with respect to their lack of status as "claimants" under 28 U.S.C. § 1335, appellants cannot of course be said to be persons "having claims" against the insurer who may be joined as defendants and required to interplead under Rule 22(1).

Since appellants are not "claimants" within the jurisdictional requirements of 28 U.S.C. § 1335, and are not "persons having claims against the plaintiff" within the permissive grant of Rule 22 (1), the interlocutory order appealed from must be reversed, the restraining order issued under 28 U.S.C. § 2361 must be dissolved, and this "action in the nature of interpleader" must be dismissed for lack of jurisdiction over the subject matter. [See: Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); Fed.R.Civ.P. 12(b) (1), 12(h) (2).]

The conclusion we have reached makes it unnecessary to consider other contentions, including those as to service of process. [See: 28 U.S.C. §§ 1397, 1655, 2361; Fed.R.Civ.P. 4(e), 22.]

For the reasons stated, the order appealed from will be reversed, with directions to the District Court to dissolve all restraining orders now in force and dismiss the action for lack of jurisdiction over the subject matter.