### WEBB & AIGNER v. DARROW.

### 8 Div. 442.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

F. E. Throckmorton, W. H. Shaw, and C. P. Almon, all of Tuscumbia, for appellants.

Kirk & Rather, of Tuscumbia, for appellee.

BOULDIN, Justice.

This cause involves the landlord's lien on crops of subtenants, or the proceeds of such crops, in the possession of third persons.

Appellee, the landlord, sued by bill in equity.

Demurrers challenging the bill as amended on the ground of adequate remedy at law were not well taken.

The landlord's lien exists apart from the statutory remedy by attachment, and may be enforced by bill in equity. Westmoreland & Trousdale v. Foster, 60 Ala. 448; Price v. Pickett, 21 Ala. 741; Patton v. Darden, ante, p. 129, 148 So. 806.

The lien follows the proceeds of crops so long as they may be identified in the hands of the tenant or other person with notice of such lien. The equitable action at law for money had and received is merely cumulative and not exclusive of the general jurisdiction in equity for an accounting as for funds impressed with a trust. Westmoreland & Trousdale v. Foster, supra; Starke v. Bernheim, 102 Ala. 464, 14 So. 770; Ehrman v. Oats, 101 Ala. 604, 14 So. 361; Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907.

It is averred and proven that some, if not all, the crops of the tenant in chief had been applied in part payment of his rent note, and that attachment had been sued out and returned no part of the crop found.

The subtenants, or those in like position, can take nothing on the ground of noncompliance with Code, § 8810. Subtenants, so far as appears, took no steps to protect themselves under Code, § 8812.

The decree against appellants, Webb & Aigner, the only parties appealing, is founded on two claims. The bill charges that appellants ginned twenty or more bales of cotton grown on the lands, and purchased the seed therefrom with knowledge that the cotton was grown by the tenant and subtenants on complainant's lands.

The landlord's lien, as of course, extended to all the cotton, including the seed grown on the rented land. Code, § 8799. No claim is set up to a ginner's lien under Code, § 8914.

While the evidence is circumstantial, a careful study of same, we think, supports a finding that the ginners retained the seed, with notice of the landlord's lien thereon. We, therefore, affirm the decree against appellants for $120 and interest thereon.

The other items entering into the decree under review arose on this wise:

Roden, the tenant in chief, took promissory notes, commercial paper, from his subtenants for the rent to become due from each of them.

Two of these notes, one on J. C. Crittenden for $65, and one on J. B. Barnes for $15, were negotiated by indorsement before maturity to these appellants in payment for fertilizer.

Complainant, the superior landlord, demanded payment of these notes to her on account of unpaid balance on rent due from Roden.

In much perplexity, the subtenants, makers of the notes, paid them to these appellants, the indorsees.

Complainant, as superior landlord, was not owner, legal or equitable, of these notes as such. The proceeds of such notes, as such, in the hands of these appellants is not money ex æquo et bono belonging to complainant.

Her right exists solely by virtue of her lien on the crops of subtenants, and the proceeds of such crops, coming to the hands of appellants with notice.

The burden was on complainant to aver and prove these facts.

A careful reading of the record does not sustain a finding that the moneys used in paying these notes, nor any definite part of same, were derived from the crops grown on the rented lands. We enter into no detailed discussion.

The decree will be corrected by striking out the items mentioned, thus reducing the amount of the decree to the sum of $131.58, with interest from May 14, 1932, the date of the decree in the court below.

As thus corrected, the decree is affirmed. Let the costs of appeal be taxed one-half to appellants and one-half to appellee.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.