30 So.2d 666

## MACEY v. CRUM.
### 3 Div. 463.

Supreme Court of Alabama.
May 29, 1947.

D. M. Powell and Powell & Hamilton, all of Greenville, for appellee.

Rushton, Stakely & Johnston, of Montgomery, for appellant.

SIMPSON, Justice.

This is a suit in equity by appellee Crum, who recovered a judgment in an Alabama court for personal injuries and property damage caused by the negligent operation of a motor vehicle of the defendant, one Bell. Having failed to obtain satisfaction of the judgment against the defendant within 30 days after its rendition, Crum instituted this proceeding under the provisions of § 12, Title 28, Code 1940, against the defendant and his insurance carrier. Other parties, including appellant Macey, alleged to be an agent and representative of the insurance company, were made defendants to the bill for purposes of discovery.

The coverage in the policy was one against liability and not of indemnity against loss, and provided to pay on behalf of the insured all sums which he shall become obligated to pay by reason of liability imposed upon him by law for damages sustained because of bodily injury or death or injury to or destruction of property sustained by any one caused by an accident arising out of the ownership, maintenance or use of his automobile.

The insurance contract appears not to have been made in Alabama and the insurer as well as the defendant in judgment were nonresidents of Alabama and the controlling question is the applicability of the Alabama statute to such a status.

This court has held that said § 12 and § 11, preceding, when construed together, are more than procedural in character and give the injured party a vested interest (secondary) by way of hypothecation in the amount due the insured by the insurer after the rendition of the judgment against the insured. George v. Employers' Liability Assur. Corporation, 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438; Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374, 1378.

But § 12 is also procedural and relates to the remedy, and, under certain conditions, authorizes the proceeding in equity to "reach and apply the insurance money to the satisfaction of the judgment."

One of the insistences here is that the provisions of the statute only apply to Alabama insurance contracts and that, since the policy here was made out of the state, the remedy under § 12 is not available to the plaintiff.

There are cases soundly holding that a statute which enlarges the liability of an insurance contract and commands the enforcement of obligations in excess of those contracted for is without extraterritorial effect and may not validly operate on contracts neither made nor to be performed in the enacting state. Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701; Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L. Ed. 342; note, 74 A.L.R. 710 et seq.

The rule has been considered in connection with statutes authorizing direct action against the insurer on liability insurance contracts. Wheat v. White, D.C., 38 F. Supp. 796; Coderre v. Travelers' Ins. Co., 48 R.I. 152, 136 A. 305, 54 A.L.R. 512; Riding v. Travelers' Ins. Co., 48 R.I. 433, 138 A. 186; 11 Am.Jur. 454, § 154; contra: Rogers v. American Employers Ins. Co., D.C.La., 61 F.Supp. 142.

However, the procedure provided in § 12 impairs no contractual obligation and affects no substantive right under the contract of insurance pleaded. It merely provides a remedy for enforcing the agreement of the insurer to pay the damages contracted by the policy to be paid. The statute is a replica of the Massachusetts statute and, following the customary canon of construction, we have adopted the interpretation accorded the statute by the Massachusetts Supreme Court. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; George v. Employers' Liability Assur. Corporation, supra; Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883. The Massachusetts court observed in Lorando v. Gethro, supra, that the statute "does not enlarge or modify in any respect the substantial liability created by the contract of insurance. It merely enables the person suffering the initial damages, out of which

252

grows the loss to the insured, to acquire a lien against the loss and the right to damages or indemnity arising under the policy, and to enforce it in his own name." 228 Mass. at page 187, 117 N.E. at page 188, 1 A.L.R. 1378.

 The equitable remedy thus afforded to collect the judgment debt partakes of the nature of an equitable garnishment, whereby the judgment creditor may collect his judgment from one who owes the judgment debtor and has agreed to pay the liability imposed by the judgment. The authorities are general that one who recovers a judgment for damages may garnish the judgment defendant's claim on a policy or agreement insuring him against liability (as distinguished from indemnity against loss) for damages of the kind recovered against him by the plaintiff (Booker T. Washington Burial Ins. Co. v. Roberts, 228 Ala. 206, 153 So. 409; 38 C.J. S. Garnishment, § 110, p. 318, § 110 d) and the rule has been applied to automobile liability policies, after a final judgment against the insured, for coverages under the policy. 38 C.J.S., Garnishment, § 110, sub. sec. d, p. 318; 28 C.J. 166, note 94; 4 Am.Jur. 750, § 314; Dewalt v. State Farm Mut. Automobile Ins. Co., 8 Cir., 99 F.2d 846, certiorari denied, State Farm Mut. Automobile Ins. Co. v. Dewalt, 306 U.S. 644, 59 S.Ct. 583, 83 L.Ed. 1043; Michel v. American Fire & Casualty Co., 5 Cir., 82 F.2d 583; Pennsylvania Casualty Co. v. Phoenix, 10 Cir., 139 F.2d 823; Employers' Liability Assur. Corporation, Limited, of London, England v. Bodron, 5 Cir., 65 F. 2d 539, 540; Lawley v. Whiteis, D.C., 24 F.Supp. 698; Morehouse v. Employers' Liability Assur. Corporation, 119 Conn. 416, 177 A. 568; Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138; Hodges v. Ocean Accident & Guarantee Corporation, 66 Ga.App. 431, 18 S.E.2d 28, certiorari denied, 316 U.S. 693, 62 S.Ct. 1299, 86 L. Ed. 1763, rehearing denied, 317 U.S. 705, 63 S.Ct. 25, 87 L.Ed. 563; Wold, for Use of Wegener, v. Glens Falls Indemnity Co., 269 Ill.App. 407; Brandon v. St. Paul Mercury Indemnity Co., 132 Kan. 68, 294 P. 881, 83 A.L.R. 673; Blanton v. Kansas City Cotton Mills Co., 103 Kan. 118, 172 P. 987, L.R.A.1918E, 541; Connolly v.

Bolster, 187 Mass. 266, 72 N.E. 981; Dickinson v. Homerich, 248 Mich. 634, 227 N. W. 696; Commercial Casualty Ins. Co. v. Skinner, 190 Miss. 533, 1 So.2d 225, 226; Taverno v. American Auto Ins. Co., 232 Mo.App. 820, 112 S.W.2d 941; Lajoie v. Central West Casualty Co., 228 Mo.App. 701, 71 S.W.2d 803; Drumm v. Fort Dearborn Casualty Underwriters, Mo.App., 5 S.W.2d 648; Wehrhahn v. Fort Dearborn Casualty Underwriters, 221 Mo.App. 230, 1 S.W.2d 242; Pickering v. Hartsock, 221 Mo.App. 868, 287 S.W. 819; Ferguson v. Manufacturers' Casualty Ins. Co., 129 Pa. Super. 276, 195 A. 661; Moses v. Ferrel, 97 Pa.Super. 13; Gray v. Houck, 167 Tenn. 233, 68 S.W.2d 117; Hinton v. Carmody, 186 Wash. 242, 60 P.2d 1108; Landaker v. Anderson, 145 Wash. 660, 261 P. 388; Fenton v. Poston, 114 Wash. 217, 195 P. 31; Booker T. Washington Burial Ins. Co. v. Roberts, supra.

 That there might be other remedies than under the statute, is of no consequence since equity jurisdiction thereunder having been conferred by statute is not dependent on, or affected by the absence of, an adequate remedy at law. American Fidelity & Casualty Co. v. Werfel, 230 Ala. 552, 556, 162 So. 103; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357.

 So, without considering the extraterritorial effect of the whole statute, as it might bear on substantive rights under an out-of-state contract, § 12 clearly transgresses no legal or constitutional barrier by providing a remedy for the enforcement of rights under a valid contract. The lex loci controls the validity and construction of the contract but the lex fori operates on the remedy to enforce it. Galliher v. State Mutual Life Ins. Co., 150 Ala. 543, 43 So. 833, 124 Am.St.Rep. 83; 15 C.J.S., Conflict of Laws, § 9 p. 876 et seq.

Our conclusion on this phase of the case is that the bill was well filed against the insurance carrier and properly invoked the benefits of the statute.

 The other aspect of the appeal questions the right of discovery against appellant Macey, as the agent and repre-

sentative of the insurance company. The pertinency of the particular facts sought by the specific interrogatories are not challenged and we do not determine their respective relevancy. The assignments of error pertaining to this phase of the appeal are rested on the argument that only an officer of the corporation is a proper party to the bill for such purpose. The authorities are to the contrary. The allegations of the bill show the necessity of discovery of pertinent facts, unknown to the plaintiff and peculiarly within the knowledge of agent Macey, and that he is agent and not officer of the corporation does not preclude a discovery by him. 18 C.J. 1064, § 10 and cases cited; 27 C.J.S. Discovery, § 10 and cases, p. 16.

Pertinent Alabama cases bearing on the general principle are: Virginia & Alabama Mining & Mfg. Co. v. Hale & Co., 93 Ala. 542, 9 So. 256 (This case refers to officers and agents of the corporation interchangeably.); Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 144, 35 So. 50; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 610, 43 So. 805, 9 L.R.A.,N.S., 1255; Gulf Compress Co. v. Jones Cotton Co., 157 Ala. 32, 41, 47 So. 251; Collins v. Mobile & O. R. Co., 210 Ala. 234, 97 So. 631; Alabama Butane Gas Co. v. Tarrant Land Co., 244 Ala. 638, 15 So.2d 105.

We find no error in the rulings on the demurrer to the bill. The decree of the lower court is affirmed.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.