31 So.2d 342

**COMMERCIAL STANDARD INS. CO. v. CRUM.**

**3 Div. 464.**

Supreme Court of Alabama.

June 30, 1947.

Rushton, Stakely & Johnston, of Montgomery, for appellant.

D. M. Powell and Powell & Hamilton, all of Greenville, for appellee.

LIVINGSTON, Justice.

The appellee, J. W. Crum, filed his bill of complaint in the Circuit Court, in Equity, of Montgomery County, against the Commercial Standard Insurance Company, a corporation, N. R. Bell, W. L. Macey, and others.

The bill was filed under and by virtue of the provisions of section 12, Title 28, Code of 1940. Appellee, Crum, recovered a judgment against Bell in an Alabama court for personal injuries and property damages caused by the negligent operation of a motor vehicle by Bell. The judgment not being satisfied within thirty days after its rendition, the present proceeding was instituted against Bell and his insurance carrier, the Commercial Standard Insurance Company. W. L. Macey, alleged to be an agent and representative of the insurance company, and others, were made parties respondent to the bill for the purpose of discovery.

The Commercial Standard Insurance Company and W. L. Macey interposed numerous grounds of demurrer to the bill. The demurrers were overruled by the lower court. The insurance company and Macey perfected separate appeals.

The Macey appeal has already been disposed of by this Court. See Macey v. Crum, et al., ante, p. 249, 30 So.2d 666. This is the appeal by the insurance company.

As above stated, Macey was joined as a party respondent for purposes of discovery. The assignments of error pertain-

ing to this phase of Macey's appeal were rested on the argument that only an officer of the corporation is a proper party to the bill for such purpose. We overruled the argument and held to the contrary. Before reaching that conclusion in Macey's appeal, this Court determined the applicability of section 12, Title 28, supra, and the rights of Crum and the Commercial Standard Insurance Company thereunder. These matters were adjudged adversely to the insurance company.

What was said in the Macey appeal disposes of all questions presented on this appeal. There can be no good reason to repeat it here.

On the authority of Macey v. Crum, supra, the judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN, FOSTER, LAWSON, and SIMPSON, JJ., concur. STAKELY, J., not sitting.