**SANSOM v. NEW AMSTERDAM INS. CO. et al.**

**Civ. A. No. 562.**

United States District Court
N. D. Alabama, W. D.

Feb. 2, 1951.

LeMaistre & Clement, Joseph G. Burns, and John B. Parker, Tuscaloosa, Ala., for plaintiff.

Bowers, Dixon & Dunn and Evans Dunn, Birmingham, Ala., for defendants.

LYNNE, District Judge.

The above-styled action, coming on to be heard on February 1, 1951, was submitted upon plaintiff's motion to remand it to the State court from whence it was removed.

Predicating his bill of complaint upon the authority of Code of Alabama 1940, Title 28, Sections 11 and 12,[1] complainant alleges recovery by him, in his representative capacity, of a judgment in the amount of $5,000 against the defendant, George C. Walker, in the Circuit Court of Tuscaloosa County, Alabama, for the death of his intestate resulting from a collision between the automobile which he was driving and the car in which complainant's intestate was riding. Alleging further in substance that the defendant Walker was insured against loss or damage on account of such death by a policy of insurance issued by defendant, New Amsterdam Casualty Company, hereinafter referred to as insurer, and that the aforementioned judgment had remained unsatisfied for more than thirty days, complainant prayed for a decree in equity to reach and apply the insurance money to the satisfaction of his judgment, and for other, further and additional relief.

In its petition for removal, defendant insurer, conceding the Alabama citizenship of defendant Walker and ignoring the revision of Title 28 U.S.C., 1940 ed., § 71, by the Act of June 25, 1948, Title 28 U.S.C.A. § 1441, points to the existence of a "separable controversy" between it, a citizen of New York, and complainant, a citizen of Alabama.

This court approaches the application of

1. "§ 11. (8376) Liability of insurance companies on casualty risks; when absolute.—In respect to every contract of insurance made between an insurance company and any person, firm or corporation, by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person, for which loss or damage such person, firm or corporation is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, or death, occasioned by said casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."

"§ 12. (8377) Remedy of injured party after recovering judgment.—Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

8

the provisions of Title 28, U.S.C.A. § 1441 (c)[2] aided by precise tests formulated by Holmes, Circuit Judge, writing for the United States Court of Appeals for the Fifth Circuit in Bentley v. Halliburton Oil Well Cementing Co., 174 F.2d 788, and Edwards v. E. I. DuPont De Nemours & Co., 183 F.2d 165. That the opinion in each of these cases was dealing with the removability of tort actions does not affect the validity of its generalizations.

Specifically, if the bill of complaint states no claim against the resident defendant, Walker, or if it states a separate and independent claim or cause of action against the non-resident defendant, New Amsterdam Casualty Company, the motion to remand is due to be denied.

Turning to the bill of complaint, it is at once apparent that complainant has undertaken to state a joint cause of action against these defendants. There can be no doubt under the local law of plaintiff's right to prosecute this action and the same legislative enactment which provides his substantive rights also prescribes a remedy for their enforcement by a suit in equity against insured and insurer, jointly. It follows, therefore, that there was a proper joinder of these defendants in the State court.[3]

Though the matter may be fraught with some doubt, and there is no intention of putting it to rest here, it would appear that the State statute does not require the joinder of the insured in every action brought under its authority. For that reason and because on the issue of removability all questions of joinder, non-joinder and misjoinder must be subjected to the tests of the Federal law, an extension of these remarks is suggested. Parenthetically and by way of gratuitous dictum it might be observed that this Federal court would hesitate to sever a cause of action which was clearly joined together by competent legislative fiat.

Returning to the bill of complaint, there is asserted but a single claim pertaining to the satisfaction of a single judgment. Complainant can have but one satisfaction. If he succeeds in obtaining the proceeds of the insurance policy from defendant, insurer, which money, under the allegations of his bill, was assigned to him by operation of law, that will end the litigation. But, under Alabama law,[4] this fictitious hypothecation of insured's claim against the insurer does not change the terms of the contract beyond the explicit requirements of the statute, leaving the insurer free to assert against the claim of the injured party breaches of obligations assumed by the insured under the contract.

It may be, indeed it must be, assumed for purposes of analysis, that the defendant insurer may defeat complainant's claim against it by establishing one or more of its available defenses. Such a result would obviously not satisfy the claim of the bill or terminate the litigation. The action would remain pending against the other defendant, the insured, the judgment debtor.

It has been said of the Alabama statute[5] in question and of its parent, the Massachusetts statute,[6] that it but adopts or amplifies simply the familiar equitable process of creditors' bill or equitable attachment. Thus, while circumstances might dictate otherwise, complainant in such a bill as this, though deprived of his claim to the insurance money, might elect to assert as against the defendant insured subordinate

2. Sec. 1441(c) "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

3. Macey v. Crum, 249 Ala. 249, 30 So.2d 666, and cases collated therein.

4. George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438.

5. Macey v. Crum, 249 Ala. 249, 30 So.2d 666.

6. Williams v. Nelson, 228 Mass. 191, 117 N.E. 189.

and independent equities,[7] e. g., discovery of his assets or an attack upon his conveyances made in fraud of creditors generally.

In demonstrating that the bill of complaint in this case not only states a claim against the resident defendant but also does not state a separate and independent claim or cause of action against the non-resident defendant, the court has arrived at a cognate conclusion. The insurer and the insured, in such a statutory action, belong on the same side of the controversy and, under different circumstances, should be put there by the realignment of parties even if the result would be to oust federal jurisdiction.

An order of remand will be filed and entered in conformity with this opinion.

---

7. Cf. United States Fidelity & Guaranty Co. v. Yeates, 217 Ala. 150, 115 So. 174.