114 So.2d 153

### STATE FARM MUTUAL AUTOMOBILE INS. CO.

v.

### Cecil McCLENDON.

4 Div. 945.

Supreme Court of Alabama.

Aug. 13, 1959.

C. L. Rowe, Elba, for appellee.

Oliver W. Brantley, Troy and Fleming & Stephens, Elba, for appellant.

LIVINGSTON, Chief Justice.

The appeal is from a judgment of the Circuit Court of Coffee County, Elba Division, overruling appellant's demurrer to the bill of complaint.

In pertinent part, the bill of complaint is, in words and figures, as follows:

"2. That on to-wit: 26 April 1956 orator recovered judgment in the Circuit Court of Coffee County, Alabama, Elba Division, at Law, against said respondent G. F. Prestwood for and on account of bodily injuries inflicted on orator by respondent Prestwood in an automobile collision which occurred in said County on to-wit: 10 May 1954, which said judgment in the principal

sum of to-wit: $8,500.00, together with the cost of said cause, remains unsatisfied. That motion for new trial filed by G. F. Prestwood, the defendant in said judgment, was overruled and denied by the Court on to-wit: 20 November 1956. That at the time of said automobile collision respondent Prestwood had insurance coverage upon the said automobile involved in said collision, and the respondent State Farm Mutual Automobile Insurance Company was his insurance carrier, by which said insurer was obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injuries sustained by any person or persons caused by accident and arising out of the ownership, maintenance or use of the automobile which was the instrumentality by which the said respondent Prestwood inflicted said bodily injuries on orator. Orator is informed and believes and upon such information he alleges that the liability of the insurer under said policy is $10,000.00 for bodily injury to one person.

"3. Orator further alleges that pursuant to Title 28, Section 12 of the Alabama Code of 1940, as amended, he is entitled to process, orders and decrees of this Honorable Court against the respondents to reach and apply the insurance money provided in said insurance policy, mentioned hereinabove, to the satisfaction of the judgment obtained by orator against the said respondent Prestwood, as aforesaid.

"4. Orator alleges that it is necessary to discover of respondents the details concerning the said insurance policy and the liability of the respondent insurer thereunder, and to that end orator propounds to each of the respondents, separately, the following interrogatories to-wit:

"A. Please state whether or not at the time of the automobile upset or collision which is the basis of the judgment mentioned in this bill of complaint respondent G. F. Prestwood was insured under a public liability policy issued by State Farm Mutual Automobile Insurance Company.

"B. If the answer to the foregoing interrogatory is in the affirmative, please attach to your answers hereto the original policy (in the case of respondent Prestwood) or a true and correct photostat copy of said policy of insurance."

Demurrers were directed to the bill of complaint as a whole and also to that "alleged aspect of the bill of complaint which seeks discovery."

We have repeatedly held that whether a bill is single in scope or presents more than one aspect must be determined from its allegation; and it cannot be divided into aspects by the demurrant. Montgomery Limestone Co. v. Bearden, 256 Ala. 269, 54 So.2d 571; Woods v. Allison Lumber Co., 258 Ala. 282, 62 So.2d 229; Martin Stamping & Stove Co. v. Manley, 260 Ala. 112, 69 So.2d 671.

It is clear enough that the bill of complaint before us is single in scope, and its only object is to reach and apply the money provided in the insurance policy issued by the respondent State Farm Mutual Automobile Insurance Co. to respondent G. F. Prestwood to the payment of the judgment obtained by complainant against G. F. Prestwood, and which said judgment remains unsatisfied.

We are cited to no case in which we have passed upon the sufficiency of the bill of complaint similar to the one in the case at bar.

Appellant argues, in substance, that the suit is upon an alleged contract of indemnity insurance brought by a complainant who has recovered a judgment against the insured; that complainant's rights are entirely derivative and he stands in the same position the insured would occupy if

he had paid the judgment and sued for a breach of contract in an action of special assumpsit, and the sufficiency of the bill in this case is tested by identical standards; that the general rule of equity pleading requires that a bill must set forth in haec verba or legal effect the policy of insurance. As a general rule, the contract may be pleaded haec verba or according to its legal effect, and the agreement, or so much thereof as is material to the breach, and the breach itself, must be set forth with certainty.

Section 12 of Title 28, Code of Alabama 1940, as amended by Act No. 283, Acts of Alabama 1953, p. 350, provides as follows:

> "Upon the recovery of a final judgment against any person, firm, or corporation by any person including administrators or executors, for loss or damage on account of bodily injury or death, or for loss or damage to property, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

In Macey v. Crum, 249 Ala. 249, 30 So.2d 666, this court held that Sec. 12, supra, and the preceding Sec. 11, when construed together, are more than procedural in character and give the injured party a vested interest (secondary) by way of hypothecation in the amount due the insured by the insurer after the rendition of the judgment against the insured, citing the cases of George v. Employers' Liability Assurance Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438; Lor-

ando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374, 1378. It was also held in Macey v. Crum, supra [249 Ala. 249, 30 So.2d 667], that Sec. 12, supra, is also procedural and relates to the remedy, and, under certain conditions, authorizes the proceeding in equity to "reach and apply insurance money to satisfaction of judgment," and that Sec. 12, supra, merely provides a remedy for enforcing the agreement of the insurer to pay the damages contracted by the policy to be paid. It does not enlarge or modify in any respect the substantial liability created by the contract of insurance, it merely enables the person suffering the initial damage, out of which grows the loss to the insured, to acquire a lien against the loss and the right to damages or indemnity arising under the policy, and to enforce it in his own name. Lorando v. Gethro, supra.

The equitable remedy thus afforded to collect the judgment debt partakes of the nature of an equitable garnishment, whereby the judgment creditor may collect his judgment from one who owes the judgment debtor and has agreed to pay the liability imposed by the judgment.

It was also stated in Macey v. Crum, supra:

> "That there might be other remedies than under the statute, is of no consequence since equity jurisdiction thereunder having been conferred by statute is not dependent on, or affected by the absence of, an adequate remedy at law. American Fidelity and Casualty Co. v. Werfel, 230 Ala. 552, 556, 162 So. 103; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Webb and Aigner v. Darrow, 227 Ala. 441, 150 So. 357."

We have carefully examined the authorities cited by appellant and are clear to the conclusion that they are not controlling in the instant case.

The remedy provided by Section 12, supra, is purely statutory. The language of the bill of complaint substantially follows

**460**

the language in the statute, and we hold that the complaint is sufficient as against the demurrers directed to it.

As we have indicated above, the bill of complaint is single in scope. The interrogatories propounded to the appellant in the bill of complaint are entirely proper and should be answered.

The case is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.