MacMILLAN–BLOEDEL, INC., an Alabama Corporation, Plaintiff,

v.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, a New Jersey Corporation; Kamyr, Inc., a Delaware Corporation; and Kamyr Installations, Inc., a Delaware Corporation, Defendants.

Civ. No. 82–0855–C.

United States District Court, S.D. Alabama, S.D.

March 3, 1983.

Thomas H. Foulds, Foulds, Felker, Johnson & McHugh, Seattle, Wash., and James E. Clark, London, Yancey, Clark & Allen, Birmingham, Ala., for plaintiff, MacMillan-Bloedel, Inc.

Charles J. Fleming, Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, Ala., for defendant, Firemen's Ins. Co.

Champ Lyons, Jr., Cole, Helmsing, Lyons & Sims, Mobile, Ala., and LaPann, Reardon, Fitzgerald & Firth, Glen Falls, N.Y., for defendants Kamyr, Inc. and Kamyr Installations, Inc.

## MEMORANDUM OPINION AND ORDER

EMMETT RIPLEY COX, District Judge:

In September, 1980, the top section of equipment known as a continuous digester at MacMillan-Bloedel's pulp and paper mill in Pine Hill, Alabama, blew off, allegedly causing extensive damage to MacMillan-Bloedel's property and business operations. The digester was purchased from Kamyr, Inc., and subsequently inspected and repaired by Kamyr Installations, Inc.

MacMillan-Bloedel filed suit against Kamyr, Inc. and Kamyr Installations, Inc. (the "Kamyr Companies") alleging, *inter alia,* negligent design, installation, inspection and repair. That case is currently pending on the docket of this court as Case No. 81–0693 and has not yet been tried.

MacMillan-Bloedel, Inc., as plaintiff, brings this declaratory judgment action against Firemen's Insurance Company of Newark, New Jersey and the Kamyr Companies, alleging that Firemen's issued various liability insurance policies to the Kamyr Companies, which were in force at the time of the loss; that the Kamyr Companies made claim for coverage under the Firemen's policies for any loss they may incur in MacMillan-Bloedel's suit; and that Firemen's denied coverage under the policies. MacMillan-Bloedel seeks a declaration that the policies afford coverage.

Firemen's and the Kamyr Companies have filed 12(b) motions to dismiss the declaratory judgment action.

At oral argument on the motions defense counsel represented to the court that Firemen's is defending the Kamyr Companies in the tort case and that Firemen's and the Kamyr Companies do not desire to litigate the coverage questions at this time. The complaint filed by MacMillan-Bloedel does not suggest otherwise. This case presents the somewhat unusual situation where none of the parties to the contracts of insurance want to litigate any coverage questions at this time, but a third party—not a party to the contract—wants to force them to do so.

Pursuant to this court's order of January 20, 1983, the Kamyr Companies produced

copies of their insurance policies. These policies contain essentially the following clause:

6. Action Against Company. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full Compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

See Affidavit of Norman R. Baldwin, filed February 11, 1983. No action clauses in insurance policies have been uniformly upheld by the Alabama courts. See *Ohio Cas. Ins. Co. v. Gantt,* 256 Ala. 262, 54 So.2d 595, 600 (Ala.1951); *Hughes v. Hartford Acc. & Ind. Co.,* 223 Ala. 59, 134 So. 461, 463 (Ala. 1931) (and cases cited therein).

The issue of whether MacMillan-Bloedel can maintain an action against Firemen's prior to the establishment of any liability in the underlying tort action is dispositive in this case.

In a declaratory judgment action where jurisdiction is based solely on diversity the question of whether a justiciable controversy exists within the purview of the Declaratory Judgment Act, 28 U.S.C.A. § 2201 (West 1982), is to be determined by federal law. The court, however, will apply the law of the forum state in resolving the substantive, non-federal issues.

■ The Declaratory Judgment Act, 28 U.S.C.A. § 2201 (West 1982), is remedial and procedural in nature; creates no substantive rights or duties; and neither augments nor diminishes federal jurisdiction. See *Aetna Life Ins. Co. of Hartford v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *St. Paul Fire & Mar. Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir. 1979). *Reliance Life Ins. Co. v. Burgess,* 112 F.2d 234 (8th Cir.1940); 6A *Moore, Moore's Federal Practice* ¶ 57.05 (2d ed. 1982).

■ *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires a careful and loyal application of state substantive law, including in this case an appli-

cation of Alabama's conflict of laws rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

In *Fleming v. Pan American Fire & Cas. Co.,* 495 F.2d 535 (5th Cir.1974) the plaintiff cattle owner, whose cattle were either killed or injured when a hauler's truck was involved in a collision and who obtained a judgment against the hauler which remained unpaid, brought an action against the hauler's liability insurer. The contract of insurance was made in Texas, but the plaintiff had obtained a judgment in Alabama and brought this action against the hauler's insurer in Alabama. The court held that the Alabama statute which allows a direct action against the insurer after judgment against its insured [now *Ala.Code* § 27–23–2 (1977) ] applied. 495 F.2d at 539 (quoting from *Macey v. Crum,* 249 Ala. 249, 30 So.2d 666 (1947)). The court applied Texas law in construing the contract of insurance but applied Alabama law in determining whether or not the judgment creditor could maintain an action against the judgment debtor's insurer.

In articulating Alabama's conflicts rule, the Alabama Supreme Court stated: "The lex loci controls the validity and construction of the contract but the lex fori operates on the remedy to enforce it." *Macey v. Crum,* 249 Ala. 249, 252, 30 So.2d 666, 667–68 (1947). The court clearly denominates its direct action statute—*Ala.Code* § 27–23–2 (1977)—as procedural and upholds its applicability to foreign contracts of insurance. In *Macey v. Crum,* the Alabama court held that as to a policy insuring against liability, the Alabama statute applied without regard to whether the insurance contract was made in Alabama or not, and without regard to whether the named parties to the contract of insurance were residents of Alabama. 249 Ala. at 251, 30 So.2d at 667.

■ The remedy provided by Section 27–23–2 can be exercised only after the injured party has recovered a judgment against the insured. This statute gives rise to a lien or vested interest on the part of the injured person by way of hypothecation in the

amount due under the terms of the policy. *Fleming v. Pan Am. Fire & Cas. Co.,* 495 F.2d 535, 539–40 (5th Cir.1974) (construing the Alabama statute).

In *Maness v. Alabama Farm Bur. Mut. Cas. Ins. Co.,* 416 So.2d 979 (Ala.1982), its most recent opinion on the subject, the Alabama Supreme Court expressly held that an injured plaintiff could not maintain a declaratory judgment action against insurance carriers of the insured defendant. The Court stated: "The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured . . . ." *Id.* at 981–82 (citing *Fleming v. Pan Am. Fire & Cas. Co.,* 495 F.2d 535 (5th Cir.1974)).

MacMillan-Bloedel contends that the contract of insurance in question was made in New York; that New York has a "reach and apply" statute similar to *Ala.Code* § 27–23–2; and that the New York statute has been construed to permit an injured party to maintain a declaratory judgment action against a tortfeasor's insurer prior to obtaining a judgment. (Citing *DeAbreu v. Lumberman's Mutual Casualty Co.,* 32 Misc.2d 634, 223 N.Y.S.2d 953 (N.Y.Sup.Ct. 1961)). Assuming (without deciding) that the contract of insurance was made in New York, Alabama's conflict of laws rules would call for application of Alabama law, including the statute, in determining whether the injured party can maintain an action against the tortfeasor's insurer prior to judgment.

Decisions of the Supreme Court have held that the exercise of the power to grant declaratory judgments is discretionary. *E.g., Provident Tradesmen's Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Dresser Indus., Inc. v. Insurance Co. of N. Am.,* 358 F.Supp. 327 (N.D.Tex.1973), *aff'd,* 475 F.2d 1402 (5th Cir.1973) (Act gives court choice, not command). In exercising this judicial discretion, the Fifth Circuit has admonished the district courts against sitting in judgment of questions which may never in fact come to pass. *American Fid. & Cas. Co. v.*

*Pennsylvania Threshermen & Farmer's Mut. Cas. Ins. Co.,* 280 F.2d 453, 455 (5th Cir.1960). In the instant case, a verdict for the insured defendants in the related tort action would make unnecessary a declaratory judgment as to insurance coverage. MacMillan-Bloedel has other adequate remedies against Firemen's available to it if it successfully pursues its tort action against the Kamyr Companies and obtains a judgment. The availability of other adequate remedies does not in and of itself, however, weigh against the rendition of declaratory relief. The test is whether or not the other remedy is more effective or efficient, and hence whether the declaratory action would serve a useful purpose. Where another remedy would be a more effective or appropriate remedy, the court may properly decline to assume jurisdiction. *See Cunningham Bros. v. Bail,* 407 F.2d 1165 (7th Cir.) (more effective relief obtainable by other procedures), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *New York Life Ins. Co. v. Roe,* 102 F.2d 28 (8th Cir.1939) (declaratory relief denied where traditional remedy available); *Zwetchkenbaum v. Operations, Inc.,* 165 F.Supp. 449 (D.R.I.1958) (action dismissed where no showing that other remedy would be inadequate). *Ala.Code* § 27–23–2 (1977) provides, after judgment in the tort action, a more appropriate remedy in this case.

In *American Fid.. & Cas. Co. v. Pennsylvania & Farmer's Mut. Cas. Ins. Co.,* 280 F.2d 453 (5th Cir.1960), a dispute between two insurers as to which owed coverage to the insured, the Fifth Circuit held that where negligence actions filed against the insured were still pending, a declaratory judgment was improper. Since the liability of the insurers was contingent upon the result of the negligence actions, the court found that the declaration requested concerned a matter that might never arise. The Court said that "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id.* at 461.

In *Indemnity Ins. Co. of N. Am. v. Kellas,* 173 F.2d 120 (1st Cir.1949), the Court reject-

ed the notion that there was an "actual controversy" between an insurance company and the tort claimants which would sustain the jurisdiction of the District Court. *Id.* at 124–25 (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 274, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

This is a case where the court, in the exercise of its discretion, will decline to entertain this declaratory judgment action until such time as the question of the Kamyr Companies' liability to MacMillan-Bloedel is finally determined. If MacMillan-Bloedel is successful in the tort action, *Ala. Code* § 27–23–2 (1977) provides a remedy.

In summary, the court concludes: (a) That the plaintiff has no standing to maintain this action at this time; and (b) Even if the plaintiff had such standing, the court in the exercise of discretion would decline to entertain the action at this time.

It is, therefore,

ORDERED, that the motions to dismiss filed by the defendants be, and hereby are GRANTED. The court will by separate document enter judgment dismissing the action.