MURDOCK, Judge.
Afa Insurance Company appeals from a judgment entered by the Tallapoosa Circuit Court requiring it to pay its insured, Larry D. Templeton, $10,000 as damages for an alleged breach of contract by Afa.
Templeton is the owner of Dee’s Automotive, a sole proprietorship. In October 1999, Henry Kelly left his 1991 Nissan Stanza automobile at Dee’s Automotive for *301 repair. Kelly’s automobile was inoperable and it had a partially disassembled engine. After examining Kelly’s automobile, Tem-pleton allegedly decided not to repair it, and he allegedly waited on Kelly to retrieve the vehicle. In May 2000, while Templeton was on vacation, Kelly’s automobile disappeared from the Dee’s Automotive lot. After Templeton returned from vacation, Kelly confronted him about the whereabouts of the missing automobile. Kelly also contacted the Talladega Police Department regarding the disappearance of the automobile. According to the Alabama Uniform Incident/Offense Report prepared by the investigating police officer, Templeton believed that Kelly had retrieved his automobile, but Kelly stated that he “had no idea who could have taken it.” The report, which Kelly executed, stated that Kelly’s 1991 Nissan Stanza had a value of $2,300.
In August 2000, Templeton received a letter from Kelly’s attorney demanding that Templeton pay Kelly $7,500 for the missing automobile. Templeton took the demand letter to Bud Lilly, an Alfa insurance agent in Alexander City. Lilly investigated Kelly’s claim by taking statements from Kelly and Templeton. Based on Lilly’s investigation, Alfa concluded that either Kelly had taken his own automobile from the Dee’s Automotive lot or that it was not liable to Kelly because there was an intervening criminal act by a third person. Alfa also concluded that Kelly’s automobile was worth less than $3,000. Lilly informed Templeton and Kelly’s attorney about Alfa’s denial of Kelly’s claim. Lilly also informed Templeton that Kelly’s attorney had stated that Kelly intended to file a lawsuit against Templeton and that Templeton should bring any complaint that he received to Lilly.
In March 2001, Kelly sued Templeton in the Tallapoosa District Court. Kelly alleged, in part, that Templeton was a bailor; that Templeton had negligently, willfully, and wantonly failed to return Kelly’s automobile; that Templeton had converted Kelly’s automobile; and that Templeton had attempted to defraud Kelly. Kelly alleged that he was entitled to $10,000 as damages for each of the several counts contained in his complaint.
According to Kelly’s counsel, he mailed a copy of the summons and complaint, along with a cover letter, to Lilly via regular mail the day after the complaint was filed. Lilly denied that he received a copy of the summons and complaint from Kelly’s counsel.
On March 23, 2001, Templeton accepted service of Kelly’s complaint. Templeton, however, did not forward a copy of the complaint to Lilly or otherwise contact Lilly regarding the complaint.
After Templeton failed to file an answer or other response to Kelly’s complaint, Kelly filed an “Application to Clerk for Entry of Default and Supporting Affidavit.” (Kelly did not notify Templeton or Alfa that he filed a motion for entry of default.) On May 24, 2001, the district court entered a “Judgment By Default” that stated:
“THIS CAUSE, comes to be heard at this term, was submitted upon [Kelly’s] Complaint and [Kelly’s] Application to Clerk for Entry of Default and Supporting Affidavit, and upon consideration thereof, the Court is of the opinion and finds that the Court has jurisdiction of the parties and of the cause of action, and that [Kelly] is entitled to the relief prayed for in the Complaint. It is therefore, ORDERED, ADJUDGED, and DECREED, by the Court as follows:
“Judgment is hereby entered against [Templeton], D/B/A DEE’S AUTOMO *302 TIVE, for $10,000.00 plus interest and costs.”
On June 8, 2001, Kelly’s attorney wrote Lilly a letter requesting payment of the $10,000 judgment.[1] Alfa refused to pay the judgment.
In July 2002, Templeton filed a complaint against Alfa in the Tallapoosa Circuit Court. Templeton alleged that he had delivered Kelly’s complaint to Alfa and that an Alfa agent had informed him that it would defend him as provided for in his insurance policy. Templeton asserted claims against Alfa based on Alfa’s alleged breach of contract and Alfa’s alleged fraudulent misrepresentation that it would defend him against Kelly’s claim. Temple-ton demanded that Alfa pay him $10,000 as damages based on the entry of the default judgment against him.
Alfa filed an answer to Templeton’s complaint, denying both that it had received a copy of the complaint and that it had informed Templeton that it would defend him against Kelly’s claim. Alfa also alleged that Templeton had failed to comply with the terms of his insurance policy, which required him to “[ijmmediately send [Alfa] copies of any ... notice, summons or legal paper received concerning the claim or ‘suit.’ ”
In March 2003, Templeton filed an amendment to his complaint alleging, in part, that, in March 2001, Kelly’s attorney had mailed a letter to Lilly, including “a copy of the Summons and Complaint.” Templeton alleged that Alfa failed to enter an appearance or provide a defense for him and that, as a result of Alfa’s “false representations and [Templeton’s] reliance thereon,” a default judgment was entered against Templeton. Templeton also alleged that Alfa failed to take any action to set aside the default judgment.
In June 2003, Alfa filed a motion for a summary judgment. After conducting a hearing on Alfa’s motion, the trial court entered an order denying the motion for a summary judgment as to Templeton’s breach-of-contract claim and granting Alfa’s summary-judgment motion as to Templeton’s other claims. In October 2003, the trial court conducted an ore ten-us proceeding as to Templeton’s breach-of-contract claim. Thereafter, it entered a judgment against Alfa and in favor of Templeton in the amount of $10,000, plus court costs.
Alfa appeals, contending, among other things, (1) that the trial court erred when it denied Alfa’s motion for a summary judgment as to Templeton’s breach-of-contract claim and (2) that the trial court’s judgment is due to be reversed because, Alfa says, Templeton failed to satisfy the conditions of coverage under his insurance policy by not personally forwarding to Alfa copies of the summons and complaint that were served on him by Kelly.
As to the former argument, we note that the trial court conducted a trial on the merits and that there is no evidence in the record that Templeton changed his testimony at trial based upon information gained during the summary-judgment proceedings.[2] Thus, the current case falls *303 within the general rule that a trial on the merits renders the denial of a summary-judgment motion moot. See Minor Heights Fire Dist. v. Skinner, 831 So.2d 609, 614 n. 8 (Ala.Civ.App.2002); see also Patterson v. Liberty Nat’l Life Ins. Co., 903 So.2d 769 (Ala.2004); and Superskate, Inc. v. Nolen, 641 So.2d 231, 233-34 (Ala.1994).
As to the latter argument, we note that the parties take opposing positions on each of the following two questions: (a) whether the evidence supports a finding that Lilly, as Alfa’s agent, received a copy of the summons and complaint from Kelly’s attorney immediately after the complaint was filed, and (b) assuming Alfa received timely notice from Kelly’s attorney, whether Templeton’s failure to personally forward to Alfa copies of the summons and complaint received from Kelly abrogated Alfa’s obligation to provide liability coverage to Templeton.
The pertinent section of Templeton’s insurance policy states that one of the duties of an insured is to “[ijmmediately send [Alfa] copies of any ... notice, summons or legal paper received concerning the claim or ‘suit.’ ” The policy further states:
“No one may bring a legal action against us under this Coverage Form until:
“a. There has been full compliance with all the terms of this Coverage Form; and
“b. Under Liability Coverage, we agree in writing that the ‘insured’ has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the ‘insured’s’ liability.”
As to whether Alfa received a copy of Kelly’s summons and complaint “immediately” after it was filed, it is undisputed that Templeton did not send Alfa a copy of the summons and complaint until after a default judgment had been entered against him and the time for filing a motion to set aside the judgment pursuant to Rule 55, Ala. R. Civ. P., had expired. There was conflicting evidence, however, regarding whether Alfa received a copy of the summons and complaint from Kelly’s attorney after the complaint was filed. Kelly’s attorney testified that he filed the complaint in the district court and that, on the following day, March 13, 2001, he mailed Lilly a letter about Kelly’s claim, along with a copy of the summons and complaint. On the other hand, Lilly insisted in his testimony that neither he nor anyone in his office received such a letter or a copy of the summons and complaint from Kelly’s attorney.
Where evidence is presented ore tenus, the judgment of the trial court is presumed correct and will not be disturbed on appeal absent a showing of plain and palpable error. Pilalas v. Baldwin County Sav. & Loan Ass’n, 549 So.2d 92 (Ala.1989). This rule is based on a recognition of the trial court’s unique position to evaluate both the demeanor and the credibility *304 of the witnesses. Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538 (Ala.1988). Further, where the trial court does not make specific factual findings, this court will assume that the trial court made such findings as would support its judgment. Transamerica Commercial Fin. Corp. v. AmSouth Bank, 608 So.2d 375 (Ala.1992).
Further, Templeton argues that
“[a] letter properly addressed, stamped, and mailed is presumed to have been received in due course. Evidence denying the receipt of the letter does not render evidence of its mailing inadmissible. Neither is conclusive. Whether it was so mailed and received becomes a jury question.”
Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 83, 121 So. 66, 67 (1929); see also Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 186 (Ala.1999).
Alfa did not argue at trial, and it has provided us with no argument on appeal, that the testimony of Kelly’s attorney was insufficient to invoke the above-stated presumption. Rather, Alfa, relying on Lilly’s testimony, simply takes the position in its appellate brief that Lilly never received the letter and the summons and complaint from Kelly’s attorney.
Given the conflicting evidence presented to the trial court, we conclude that the trial court’s determination that Kelly’s attorney provided Alfa with timely notice of the filing of Kelly’s complaint is due to be upheld. Alfa has failed to demonstrate that that determination was not supported by substantial evidence or that it was otherwise erroneous.
We turn then to the question whether Templeton is entitled to take advantage of the notice provided to Alfa by Kelly’s attorney, despite the fact that that notice was not sent by Templeton, as required by the policy. For this proposition, Templeton relies primarily upon the opinion of this court in Safeway Insurance Co. of Alabama v. Thompson, 688 So.2d 271 (Ala.Civ.App.1996).
In Safeway Insurance Co., the injured parties provided notice to the tortfeasor’s insurance company that a lawsuit had been filed against its insured. This court held that because the injured parties had provided actual notice of the lawsuit to the tortfeasor’s insurer, the injured parties could recover directly from the insurer. 688 So.2d at 274; see generally Ala.Code 1975, § 27-23-2 (providing a judgment creditor a right of “direct action” against the judgment debtor’s insurer). Among other things, this court reasoned in Safeway Insurance Co. as follows:
“We hold that the evidence presented in this case supports the trial court’s findings that [the insurer] acted like ‘the proverbial tar baby.’ Despite the recommendation of its claims adjuster to pay all the claims; despite the opportunity it had to settle the claims within the limits of the [insureds’] policy; and despite its knowledge that [the injured parties] planned to sue [the additional insured] for damages, [the insurer] did nothing. Once the suit was filed, not only was the insurance company aware that [the additional insured] had been sued, but it was provided with copies of the lawsuits by [the injured parties’] attorney.
“Under these facts, to allow [the insurer] to avoid liability simply because it did nothing for so long would not only be unfair to the [injured parties], who did all they could to get [the insurer] involved, but would also be a gross manipulation of the law. The requirement that an insured defendant provide the insurance company with suit papers is meant to allow the insurance company to control the litigation. It is not meant to *305 allow insurance companies to escape liability simply by ‘waiting out’ people like [the additional insured] who seem likely to let matters slide, especially since he was not injured, it was not his vehicle that was damaged, and he was essentially judgment-proof, even before filing for bankruptcy protection.”[3]
688 So.2d at 273-74.
Throughout the Safeway Insurance Co. opinion, this court repeatedly made note of the unique context and “peculiar” facts of that case. The context and facts of the present case are different than those in Safeway Insurance Co. While the injured party gave notice of the lawsuit to the insurer in Safeway Insurance Co., just as did the injured party in the present case, it is not the injured party in the present case, as it was in Safeway Insurance Co., that attempts to take advantage of that notice. Instead, it is the insured himself. In the words of the Safeway Insurance Co. opinion, the insured in this case is not a party “who did all [he] could do to get [the insurer] involved.” 688 So.2d at 274. Instead, the insured in the present case has breached the insurance-policy covenant, to which he agreed, to forward any lawsuit “papers” to the insurer.
In Watts v. Preferred Risk Mutual Insurance Co., 423 So.2d 171 (Ala.1982), our Supreme Court held that an insured who failed to satisfy his policy obligation to provide the insurer with copies of the lawsuit papers upon receiving them was not entitled to recover from the insurer for the amount of the judgment rendered against him in that lawsuit. Templeton argues that Watts was superseded by this court’s opinion in Safeway Insurance Co. and, specifically, that Safeway Insurance Co. holds that the only prerequisite to recovery in such cases is that the insurer have “actual notice” of the lawsuit, regardless from whom that notice is received. We cannot agree with this argument because of yet another distinction between the present case and Safeway Insurance Co. In Safeway Insurance Co., the insurance policy, as noted by Judge Crawley in his special concurrence, read, in pertinent part:
“ ‘PART A — LIABILITY COVERAGE
“ ‘INSURING AGREEMENT
[[Image here]]
“ ‘It is further understood and agreed that we are not obligated to pay, and *306 shall not pay, attorney’s fees for any legal or investigative work, unless such attorneys are selected by us; it is further understood and agreed that we are not obligated to pay, and shall not pay, any sum which the covered person may be legally obligated to pay as a result of a lawsuit unless we received actual notice of said suit before any judgment had been entered in said suit.
[[Image here]]
“ TART E — DUTIES AFTER AN ACCIDENT OR LOSS
“ ‘GENERAL DUTIES
“ “We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
“ ‘A person seeking coverage must:
“ ‘1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
“ ‘2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.’
“(Emphasis in original.)”
Safeway Insurance Co., 688 So.2d at 275 (Crawley, J., concurring specially).
Thus, while the insurance policy at issue in Safeway Insurance Co. did require the insured to forward copies of the lawsuit papers to the insurer, it was a separate clause in the Safeway policy that specifically set preconditions on coverage under the policy. That separate clause, “Part A” of the policy as quoted above, made no mention of the forwarding of papers by the insured, but instead emphasized simply that the insurer must receive “actual notice” of the lawsuit before the judgment against an insured is rendered therein.
In the present case, however, the policy provision conditioning recovery from the insurer is stated somewhat differently. As in Safeway Insurance Co., there is a provision that directly obligates the insured to “immediately send [Alfa] copies of any ... notice, summons or legal paper received concerning the claim or ‘suit.’ ” The separate policy provision most analogous to Part A of the policy at issue in Safeway Insurance Co., however, states:
“No one may bring a legal action against us under this Coverage Form until:
“a. There has been full compliance with all the terms of this Coverage Form.”
In other words, the latter provision, unlike the analogous provision in the policy at issue in Safeway Insurance Co., does not emphasize “actual notice” to the insurer as the precondition to coverage. Instead, it conditions coverage on “full compliance with all the terms” found elsewhere in the policy, one of which specifically requires notice to be given to the insurer by the insured.
In light of the foregoing, we find Safeway Insurance Co. not to be dispositive of the present case. We have been cited to no case in which an insured who has breached his contractual obligation to forward suit papers to his insurer has been able to take advantage of notice provided to the insurer by the injured party so as to enable the insured to recover from the insurer.
Accordingly, the judgment of the trial court is reversed, and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs specially, with writing.

. The time for filing a motion to set aside the default judgment pursuant to Rule 55, Ala. R. Civ. P., expired on June 7, 2001. See Rule 55(dc), Ala. R. Civ. P.

. The parties deposed Templeton and Kelly’s attorney in January 2003. Contrary to the allegation contained in Templeton’s original complaint, in his deposition testimony Tem-pleton admitted that he did not deliver a copy of Kelly’s complaint to Lilly until after the default judgment had been entered against him. In March 2003, Templeton amended his complaint, alleging that Kelly’s attorney had forwarded Lilly a copy of Kelly’s complaint via regular mail when Kelly's attorney filed the complaint in March 2001; the amend *303 ment was consistent with Kelly’s attorney's deposition testimony.
Templeton did not change his testimony at trial. In fact, Templeton testified that he was in the process of closing Dee's Automotive when he was served with the complaint and that the complaint remained on his desk until Lilly called him after the entry of the default judgment. At trial, Templeton relied solely on Kelly's attorney’s alleged mailing of the complaint to Lilly as the basis for his argument that Alfa received adequate notice that a complaint had been filed against Templeton. Likewise, Templeton has not asserted on appeal that he delivered Kelly's complaint to Lilly before the default judgment was entered.

. Safeway Insurance Co., by recognizing an injured party's right of direct action against an insurer when the injured party has, himself, given notice of the underlying lawsuit to the insurer, even when the insured has failed to do so, arguably is consistent with those cases explaining that the injured party stands in the same position as the insured as of the time of the accident or injury at issue. See, e.g., State Farm Mut. Auto. Ins. Co. v. McClendon, 269 Ala. 456, 458-59, 114 So.2d 153, 155 (1959) (decided under the predecessor to Alabama's direct-action statute, § 27-23-2, Ala.Code 1975, and explaining that the injured party’s rights under the tortfeasor's insurance policy are derivative and that the injured party "stands in the same position the insured would occupy if he had paid the judgment” and sued the insurer himself); Fleming v. Pan American Fire & Cas. Co., 495 F.2d 535, 541 (5th Cir.1974) (decided under the predecessor to § 27-23-2 and holding that "the right of the judgment creditor relates back to the time when his right of action arose"); compare George v. Employers’ Liability Assurance Corp., 219 Ala. 307, 310, 122 So. 175, 177 (1929) (decided under predecessor to § 27-23-2 and holding that an injured party has a vested interest "in the nature of an hypothecation of the amount,” if any, due by an insurer to an insured, so that the provisions of an insurance policy imposing an obligation to testify and otherwise cooperate in the defense of the lawsuit were effective against the injured party).